**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **CURTIS W. JOHNSON,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | **CIVIL ACTION NO. _____** |
| **METROPOLITAN LLOYDS** | § | |
| **INSURANCE COMPANY OF TEXAS;** | § | |
| **METROPOLITAN PROPERTY AND** | § | |
| **CASUALTY INSURANCE COMPANY;** | § | |
| **VERNON ANDERSON; AND** | § | |
| **REDDRICK SCOTT,** | § | |
| **Defendants.** | § | |

## DEFENDANTS' NOTICE OF REMOVAL

Defendants Metropolitan Lloyds Insurance Company of Texas ("METROPOLITAN LLOYDS") and Metropolitan Property and Casualty Insurance Company ("METROPOLITAN PROPERTY AND CASUALTY") (collectively "Defendants"), pursuant to 28 U.S.C. §§ 1653, 1331, 1332, 1441, and 1446(a), file this Notice of Removal.

## I. INTRODUCTION

1.       This removal is based on diversity jurisdiction.  Plaintiff CURTIS W. JOHNSON ("Plaintiff") seeks redress from Defendants METROPOLITAN LLOYDS, METROPOLITAN PROPERTY AND CASUALTY, and improperly joined employee-adjusters Vernon Anderson ("ANDERSON") and Reddrick Scott ("SCOTT") alleging statutory violations under Chapters 541 and 542 of the Texas Insurance Code related to deceptive acts, unfair claim settlement practices, and prompt payment of claims, violations of the Texas Deceptive Trade Practices—Consumer Protection Act ("DTPA"), declaratory relief, breach of contract, bad faith, and fraud related to Plaintiff's right to recover uninsured motorist ("UM") and personal injury protection ("PIP") benefits under the subject METROPOLITAN LLOYDS' and/or METROPOLITRAN

PROPERTY AND CASUALTY'S Policy, arising from an August 26, 2014 motor vehicle accident in Dallas County, Texas.

2.      Plaintiff is now, and was at the time of removal, and at the time of the filing of the instant lawsuit, a citizen of Texas.

3.      In contrast, Defendant METROPOLITAN LLOYDS is now, and was at the time of removal, and at the time of the filing of the instant lawsuit, an unincorporated association of underwriters which have associated together for the purposes of engaging in the business of insurance as permitted under Chapter 941 of the Texas Insurance Code, as amended. METROPOLITAN LLOYDS is neither a partnership, joint stock company, corporation, nor a quasi-corporation. METROPOLITAN LLOYDS is comprised of twelve (12) underwriters, all of whom reside in, and are citizens of, the Commonwealth of Massachusetts, the State of Illinois, or the State of Rhode Island and Providence Plantations. METROPOLITAN LLOYDS is administratively headquartered in the City of Warwick, Kent County, State of Rhode Island and Providence Plantations. For purposes of ascertaining whether the federal courts have diversity jurisdiction, an unincorporated association is considered to have the citizenship of its members. *Royal Ins. Co. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882 (5th Cir. 1993).

4.      Additionally, Defendant METROPOLITAN PROPERTY AND CASUALTY is now, and was at the time of removal, and at the time of the filing of the instant lawsuit, a foreign corporation incorporated in the State of Rhode Island with its principal place of business in Warick, Rhode Island.

5.      Defendant employee-adjusters ANDERSON and SCOTT, although not proper parties to this lawsuit, are citizens of Texas. Defendants ANDERSONS' and SCOTT'S consent

to this removal is not required because they have been improperly joined. *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004).

6.      In addition, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  In particular, Plaintiff's First Amended Original Petition seeks monetary relief of over $200,000 but not more than $1,000,000.00.

7.      Defendants METROPOLITAN LLOYDS and METROPOLITAN PROPERTY and CASUALTY file this Notice of Removal within thirty days of service of Plaintiff's First Amended Original Petition.  This action has been on file for less than one year.

## II.  GROUNDS FOR REMOVAL: DIVERSITY JURISDICTION

### A.      Diversity Jurisdiction Exists

8.      Removal is proper because this lawsuit involves a controversy between citizens of different states.  Specifically, Plaintiff is now, and was at the time of removal, and at the time of the filing of the instant lawsuit, a citizen of Texas.  (Exh. A-5, p. 2).  In contrast, Defendant METROPOLITAN LLOYDS, is now, and was at the time of removal, and the time of the filing of the instant lawsuit, an unincorporated association of underwriters whose members reside in, and are citizens of, the Commonwealth of Massachusetts, the State of Illinois, or the State of Rhode Island and Providence Plantations.  *Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882 (5th Cir. 1993) ("Royal is an unincorporated association that sells insurance under a so-called "Lloyd's plan."  For purposes of ascertaining whether the federal courts have diversity jurisdiction, an unincorporated association is considered to have the citizenship of its members.").  Additionally, Defendant METROPOLITAN PROPERTY AND CASUALTY is now, and was at the time of removal, and at the time of the filing of the instant lawsuit, a foreign corporation incorporated in the State of Rhode Island with its principal place of business in

Warick, Rhode Island.  Further, as discussed below, the in-state citizenship of Defendants employee-adjusters ANDERSON and SCOTT is disregarded because they were improperly joined to defeat diversity.  Thus, complete diversity of citizenship between the parties exists.

9.      In addition, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  28 U.S.C. §§ 1332, 1441.  Specifically, Plaintiff alleges that he seeks "monetary relief of over $200,000 but not more than $1,000,000.00."  (Exh. A-5, pp. 1-2); *Wright v. Spindletop Films, L.L.C.*, 845 F. Supp. 2d 783, 787 (S.D. Tex. 2012) (Ellison, J.) ("Courts are to 'decide what the amount in controversy is from the complaint itself …'") (citing *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961) ("The general federal rule has long been to decide what the amount in controversy is from the complaint itself …"); *Trans-Net, Inc. v. Crawley*, 2008 WL 938374, *1 (S.D. Tex. 2008) (Miller, J.) ("In this case, [plaintiff] avers actual damages in excess of the jurisdictional minimum. [Plaintiff's] assertions are sufficient to support diversity jurisdiction.").    Moreover, Plaintiff's First Amended Original Petition alleges that METROPOLITAN LLOYDS and METROPOLITAN PROPERTY and CASUALTY violated the Texas Insurance Code and the DTPA, and seeks treble damages and attorney's fees.  (Exh. A-5, pp. 10-14, 17-18); *see also Wofford v. Allstate Ins. Co.*, 2005 WL 755761, *2 (N.D. Tex. 2005) (considering treble damages under the Texas Insurance Code with regard to the amount in controversy).  Accordingly, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

**B.      Defendants Employee-Adjusters Anderson and Scott Have Been Improperly Joined**

10.      With regard to Plaintiff's claims against Defendants employee-adjusters ANDERSON and SCOTT, it is METROPOLITAN LLOYDS' and METROPOLITAN PROPERTY and CASIALTY'S position that ANDERSON and SCOTT have been improperly

and/or fraudulently joined in this action to defeat diversity jurisdiction, and that ANDERSON'S and SCOTT'S citizenship should therefore be disregarded in determining this Court's subject matter jurisdiction.

11.     The doctrine of improper joinder, or fraudulent joinder,[1] ensures that the presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity. *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009); *Davis v. Metropolitan Lloyds Ins. Co. of Texas*, 2015 WL 456726, *3 (N.D. Tex. Feb. 3, 2015) (McBryde, J.) (holding that employee-adjuster of defendant insurer was improperly joined to defeat diversity and disregarding adjuster's presence as a defendant in the lawsuit).   As aptly stated by this Court in *Davis*:

> Certain attorneys representing insureds/claimants who are citizens of Texas and who are dissatisfied with the non-citizen insurer's response to the insured's/claimant's policy demand have developed a practice of filing suit in state court against the non-citizen insurer and an insurance adjuster or agent who is a citizen of Texas with the goal of preventing the insurance company from exercising its right to have the case removed to and heard by a federal court.   The instant action is one of those suits.

*Id.*

Like *Davis*, the subject lawsuit represents yet another attempt by the Plaintiffs' bar to defeat a diverse insurer's right to defend a policyholder's claim for policy benefits in federal court by naming a non-diverse insurance adjuster or agent as a defendant, without alleging any legal or factual basis to support an actionable claim against the non-diverse defendant. Citizenship of an improperly joined party is totally disregarded in determining a court's subject matter jurisdiction based on diversity. *Smallwood*, 385 F.3d at 572.

---

[1] The Fifth Circuit prefers the term "improper joinder" because it is more consistent with the statutory language of 28 U.S.C. §§ 1141 and 1332.  *See Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 571 n.1 and 572-73 (5th Cir. 2004) (en banc), *cert. denied*, 544 U.S. 992, 125 S.Ct. 1825, 161 L.Ed.2d 756 (2005).

12.     Improper joinder is established by a defendant's showing of: (1) actual fraud in the pleading of jurisdictional facts, or (2) an inability of the plaintiff to establish a cause of action against the non-diverse party in state court.   *Smallwood*, 385 F.3d at 573.   The test for improper joinder under the second basis is a showing by the removing defendant that there is "no possibility" of recovery by the plaintiff against the in-state defendant, or in other words, that "there is no reasonable basis for the court to predict that the plaintiff might be able to recover against the in-state defendant."   *Id*.   A "reasonable basis" means more than a mere "theoretical possibility" that such a claim could exist.   *See Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003) (explaining that the terms "no possibility" of recovery and no "reasonable basis" for recovery have essentially identical meanings, and holding that pleadings must show more than "any mere theoretical possibility of recovery"); *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999) ("whether that plaintiff has stated a valid state law cause of action depends upon and is tied to the factual fit between the plaintiff's allegations and the pleaded theory of recovery").

13.     In determining whether a plaintiff has a "reasonable basis" for recovery under state law, the Court may "conduct a Rule 12(b)(6)-type analysis" of the plaintiff's pleading to decide whether the allegations state a claim against the in-state defendant under state law, or the Court may conduct a summary judgment-type inquiry to identify discrete and undisputed facts that would preclude recovery.   *Smallwood*, 385 F.3d at 573.

14.     In conducting a Rule 12(b)(6) analysis of the plaintiff's pleading,  the Court must first determine whether it is appears from the petition that the plaintiff actually intended to sue the non-diverse defendant, *i.e.*, whether "the record … supports any inference that the [plaintiff] intended to actively pursue claims" against the non-diverse insurance agent or adjuster.   *Griggs*, 181 F.3d at 699.   Factors for the Court to consider include whether the defendant-adjuster is

merely minimally mentioned and whether any actionable claims are specifically alleged against him. *Id.* The failure to specify a legal and factual basis for a claim against a non-diverse insurance agent or adjuster constitutes a failure to state claim against the non-diverse party and results in improper joinder of that party. *Id.*; *Davis v. Metropolitan Lloyds*, 2015 WL 456726, at *2-3 (holding that conclusory "boilerplate" allegations against non-diverse employee-adjuster related to adjuster's investigation and undervaluing of plaintiff's property damage claim failed to state an actionable state law claim and that employee-adjuster was improperly joined to defeat diversity).

15.     Plaintiff's First Amended Petition fails to allege any specific facts establishing an actionable claim against either ANDERSON or SCOTT, individually.  In fact, Plaintiff fails to assert <u>any</u> actionable state law claim against ANDERSON or SCOTT.  The only actionable "causes of action" asserted by Plaintiff are against METROPOLITAN LLOYDS and METROPOLITAN PROPERTY and CASUALTY, for alleged violations of Chapters 541 and 542 of the Texas Insurance Code, the DTPA, breach of contract, bad faith, and fraud.  (Exh. A-5, pp. 10-14).  While some of the "Insurance Code" and DTPA allegations "minimally" mention Defendant employee-adjuster ANDERSON by name, <u>Defendant employee-adjuster SCOTT is not mentioned at all</u>.  Moreover, as this Court recently held, Plaintiff cannot recover against an adjuster, individually, under the Texas Insurance Code or the DTPA as a matter of law.  *See Mainali v. Covington*, 2015 WL 5098047, at *4, 6 (N.D. Tex. Aug. 31, 2015) (Fitzwater, J.). Thus, ANDERSON'S and SCOTT'S in-state citizenship should be disregarded in this Court's determination of whether complete diversity exists.

a.    **Plaintiff Cannot Recover Against Anderson or Scott under Chapter 541 of the Texas Insurance Code**

16.     In his recitation of the alleged "Facts" of his claim for UM and PIP benefits under the subject Policy, Plaintiff alleges that he presented—to the Defendant insurers—a claim for PIP benefits in the amount of $10,000, that the Defendant insurers assigned the claim to employee-adjuster ANDERSON, that the Policy provides for $2,500 in PIP benefits, that ANDERSON only authorized payment of "approximately $29.59," and that such conduct "constitutes multiple violations" of Chapter 541 of the Texas Insurance Code, for which ANDERSON is individually liable.  (Exh. A-5, pp. 5, 14-15).  Plaintiff alleges that ANDERSON violated TEX. INS. CODE **§ 541.060(a)(2)(A)**, which prohibits "failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of … a claim with respect to which the insurer's liability has become reasonably clear"; **§ 541.060(a)(3)**, which prohibits "failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim"; **§ 541.060(a)(4)**, which prohibits "failing within a reasonable time to … affirm or deny coverage of a claim to a policyholder"; and **§ 541.060(a)(7)**, which prohibits "refusing to pay a claim without conducting a reasonable investigation with respect to the claim."  (Exh. A-5, pp. 14-16).   <u>Plaintiff does not allege that ANDERSON or SCOTT are individually liable for violations of Chapter 542 of the Texas Insurance Code.</u>[2]

17.     This Court has recently and consistently held that a non-diverse insurance agent or adjuster cannot be held individually liable for alleged violations of Chapter 541 <u>or</u> 542 of the

---

[2] Neither ANDERSON nor SCOTT can be held liable "under any section of Chapter 542" in any event because Chapter 542 only applies to specifically listed "insurers," and ANDERSON and SCOTT, both adjusters, are not insurers.  *Mainali*, 2015 WL 5098047, at *6 (citing TEX. INS. CODE ANN. § 542.002); *see also Messersmith*, 10 F.Supp.3d at 723 (holding that adjuster could not be held liable under § 542.060(a) because an adjuster is not an insurer).

Texas Insurance Code—as a matter of law.  *See, e.g., Mainali Corp. v. Covington Specialty Ins. Co.*, 2015 WL 5098047, at *4,6 (N.D. Tex. Aug. 31, 2015) (Fitzwater, J.); *One Way Invs., Inc. v. Century Sur. Co.* 2014 WL 6991277, at *4 (N.D. Tex. Dec. 11, 2014) (Fitzwater, J.); *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F.Supp.3d 721, 724 (N.D. Tex. 2014) (Solis, J.).

18.     In *Mainali*, the plaintiff property owner sued its property insurer and an individual insurance adjuster for damages to the insured property as a result of a fire, alleging, *inter alia*, violations of Chapter 541 and 542 of the Texas Insurance Code and the DTPA.  2015 WL 5098047, at *1.  The defendant insurer removed the case to this Court based on diversity of citizenship and improper joinder of the non-diverse insurance adjuster.  *Id.*  The plaintiff moved to remand the case to state court which this Court denied.  *Id.*  In concluding that the non-diverse insurance adjuster was improperly joined, the Court in *Mainali* held that the plaintiff could not recover against the non-diverse insurance adjuster under Chapter 541, including §§ 541.060(a)(2)(A), 541.060(a)(3), and 541.060(a)(7), as a matter of law.  *Id.* at *4.

19.     With regard to **§ 541.060(a)(2)(A)**, the Court in *Mainali* held that "[a]n adjuster 'cannot be held liable under this section because, as an adjuster, [he] does not have settlement authority on behalf of [the insurer].'"  *Id.* at *4 (quoting *Messersmith*, 10 F.Supp.3d at 724. "[H]is sole role is to assess the damage."  *Id.*  With regard to **§ 541.060(a)(3)**, this Court held that an adjuster cannot be held liable under this section "because an adjuster has no obligation to provide a policyholder a reasonable explanation of the basis in the policy for the insurer's denial of a claim, or offer of a compromise settlement of a claim."  *Id.* at *4.  Finally, with regard to § **541.060(a)(7)**, this Court held that that the plaintiff could not recover against the non-diverse adjuster under this section because only "the insurance company or the individual at the

insurance company who refuses to pay the claim" can be held liable under § 541.060(a)(7), "not the individual responsible for conducting the investigation." *Id.* (citing and quoting *Messersmith*, 10 F.Supp.3d at 725).

20.     Likewise, in *One Way*, *supra*, this Court held that with regard to **§ 541.060(a)(4)**, an adjuster cannot be held liable under this section "because an adjuster does not have authority on behalf of an insurer to affirm or deny coverage of a claim to the policyholder." *One Way*, 2014 WL 6991277, at *5.

21.     Based on this Court's holdings in *Mainali*, *One Way*, and *Messersmith*, Plaintiff cannot recover against ANDERSON or SCOTT for violations of Chapter 541 of the Texas Insurance Code, including §§ 541.060(a)(2)(A), 541.060(a)(3), 541.060(a)(4), and 541.060(a)(7), as a matter of law.   Thus, ANDERSON and SCOTT have been improperly joined to defeat diversity and their citizenship should therefore be disregarded in this Court's determination of whether complete diversity exists.

**b.     Plaintiff Cannot Recover Against Anderson or Scott under the DTPA**

22.     Plaintiff also alleges that the Defendant insurers and its agents, including employee-adjuster ANDERSON, violated provisions of the DTPA, including violations of the Texas Insurance Code related to "Plaintiff's purchase of and claim under the Policy." (Exh. A-5, pp. 12-14).   However, this Court recently held in *Mainali* that an adjuster cannot be held individually liable for alleged violations of the DTPA that are premised on alleged violations of the Texas Insurance Code, as follows:

> Mainali cannot recover against [adjuster] Summers under the DTPA based on the allegations in the petition.  Mainali posits that Summers' violations of the Texas Insurance Code create a cause of action under the DTPA.  Because the court has concluded that the petition does not adequately plead a reasonable basis for the court to predict that Mainali can recover against Summers under the Texas Insurance Code, there likewise is no reasonable basis for the court to predict that

Mainali can recover against Summers under the DTPA. The DTPA claim is derivative of the Texas Insurance Code claims.

*Mainali*, 2015 WL 5098047, at *6.

Here, as in *Mainali*, Plaintiff's DTPA claims against employee-adjuster ANDERSON are completely derivative of Plaintiff's Texas Insurance Code claims. Accordingly, Plaintiff cannot recover against ANDERSON <u>or</u> SCOTT under the DTPA, and they have been improperly joined.

23. Moreover, Plaintiff's pleading fails to allege actionable facts relative to the conduct of ANDERSON or SCOTT sufficient to state a claim under Texas law. In other words, Plaintiff's conclusory "boilerplate" allegations against ANDERSON under the Insurance Code and the DTPA, which merely track the statutory language, unsupported by any actionable facts attributable to ANDERSON, individually, fail to make the required "factual fit between his allegations [against ANDERSON] and the pleaded theory of recovery" and are legally insufficient to state a claim under Texas law, resulting in improper joinder of the non-diverse adjusters. *Griggs*, 181 F.3d at 701; *see also Davis v. Metropolitan Lloyds*, 2015 WL 456726, *2 (holding that conclusory "boilerplate" allegations against non-diverse employee-adjuster related to adjuster's investigation and undervaluing of plaintiff's property damage claim failed to state an actionable state law claim and that employee-adjuster was improperly joined to defeat diversity); *Dalton v. State Farm Lloyds, Inc.*, 2013 WL 3157532, *6 (S.D. Tex. June 19, 2013) (Harmon, J.) (holding that conclusory allegations against non-diverse insurance adjuster for insufficient investigation and undervaluing plaintiff's claim not actionable under Texas law and dismissing adjuster from suit based on improper joinder).

24.     For the reasons stated above, ANDERSON and SCOTT have been improperly joined to defeat diversity and their citizenship should be disregarded in this Court's determination of whether complete diversity exists.

**C.     Removal Is Timely**

25.     Defendants METROPOLITAN LLOYDS and METROPOLITAN PROPERTY and CASUALTY were served with a copy of Plaintiff's First Amended Original Petition on September 24, 2015.    (Exh. A-6 and Exh. A-7).    METROPOLITAN LLOYDS and METROPOLITAN PROPERTY and CASUALTY file this Notice of Removal within thirty days after service.  28 U.S.C. § 1446(b)(1).  In addition, the suit has been pending for less than a year. Therefore, removal of this action is timely.

### III.  COMPLIANCE WITH REMOVAL PROCEDURES

26.     Attached to this Notice of Removal as Exhibits A-1 through A-12 are the following documents required by 28 U.S.C. § 1446(a) and N.D. TEX. LOC. R. 81.1 (these documents are hereby incorporated by reference in all respects):

A.     An index of all documents that clearly identifies each document and indicates the date the document was filed in state court:

   1.     Civil Docket Sheet;

   2.     Plaintiff's Original Petition, filed 08/20/2015;

   3.     Jury Demand, filed 08/20/2015;

   4.     Civil Case Information Sheet, filed 08/20/2015;

   5.     Plaintiff's First Amended Original Petition, filed 09/01/2015;

   6.     Return of Service, Metropolitan Lloyds Insurance Company of Texas, filed 09/28/2015;

   7.     Return of Service, Metropolitan Property and Casualty, filed 09/28/2015;

8.      Return of Service, Vernon Anderson, filed 09/28/2015;

9.      Return of Service, Reddrick Scott, filed 09/28/2015;

10.     Defendant Metropolitan Lloyds Insurance Company of Texas' Original Answer, filed 10/06/2015;

11.     Defendant Metropolitan Property and Casualty Insurance Company's Original Answer, filed 10/06/2015; and

12.     Defendants Vernon Anderson and Reddrick Scott's Original Answer, filed 10/06/2015.

27.     Venue is proper in this district pursuant to 28 U.S.C. § 1441(a) because the United States District Court for the Northern District of Texas, Dallas Division, embraces Dallas County, Texas, where the state court action was filed and is currently pending.  Specifically, Plaintiff filed suit in the 162nd Judicial District Court of Dallas County, Cause No. DC-15-09583.  (Exh. A-5).

28.     Defendants will immediately file a copy of its Notice of Removal with the clerk of the state court in which the state court action is pending.

WHEREFORE, PREMISES CONSIDERED, Defendants METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS and METROPOLITAN PROPERTY and CASUALTY INSURANCE COMPANY request this action be immediately and entirely removed upon filing of this Notice of Removal to the United States District Court for the Northern District of Texas, Dallas Division, and for such other and further relief to which it may be justly entitled.

Respectfully Submitted,

**FLETCHER, FARLEY,
SHIPMAN, & SALINAS, L.L.P**.


/s/Michael J. Shipman
**MICHAEL J. SHIPMAN**
Texas State Bar No. 18268500
mike.shipman@fletcherfarley.com
**DAVID C. COLLEY**
Texas State Bar No. 04583600
david.colley@fletcherfarley.com
**KRISTI L. KAUTZ**
Texas State Bar No. 24060069
kristi.kautz@fletcherfarley.com
9201 North Central Expressway, Suite 600
Dallas, Texas 75231
214-987-9600
214-987-9866 (Fax)

ATTORNEYS FOR DEFENDANTS


<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on October 12, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record, including the following counsel:


Zachary D. Herbert
Amy K. Witherite
Eberstein & Witherite, LLP
3100 Monticello Ave., Suite 500
Dallas, Texas  75204

ATTORNEYS FOR PLAINTIFF


/s/Michael J. Shipman
MICHAEL J. SHIPMAN