**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **CURTIS W. JOHNSON,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | **CIVIL ACTION NO. _____** |
| **METROPOLITAN LLOYDS** | § | |
| **INSURANCE COMPANY OF TEXAS;** | § | |
| **METROPOLITAN PROPERTY AND** | § | |
| **CASUALTY INSURANCE COMPANY;** | § | |
| **VERNON ANDERSON; AND** | § | |
| **REDDRICK SCOTT,** | § | |
| **Defendants.** | § | |

## DEFENDANT'S INDEX OF DOCUMENTS

The following Exhibits are relied upon and incorporated by reference in

Defendants' Notice of Removal:

    A.    An index of all documents that clearly identifies each document and indicates the date the document was filed in state court:

    1.    Civil Docket Sheet

    2.    Plaintiff's Original Petition filed 08/20/2015

    3.    Jury Demand filed 08/20/2015

    4.    Civil Case Information Sheet filed 08/20/2015

    5.    Plaintiff's First Amended Original Petition filed 09/01/2015

    6.    Return of Service – Metropolitan Lloyds Insurance Company filed 09/28/2015

    7.    Return of Service – Metropolitan Property and Casualty filed 09/28/2015

    8.    Return of Service – Vernon Anderson filed 09/28/2015

    9.    Return of Service – Reddrick Scott filed 09/28/2015

10.     Defendant Metropolitan Lloyds Insurance Company of
        Texas' Original Answer filed 10/06/2015

11.     Defendant Metropolitan Property and Casualty  Insurance
        Company's Original Answer filed 10/06/2015

12.     Defendants Vernon Anderson and Reddrick Scott's Original
        Answer filed 10/06/2015

10/6/2015                  courts.dallascounty.org/CaseDetail.aspx?CaseID=5027645

Case 3:15-cv-03288-N   Document 1-1   Filed 10/12/15   Page 3 of 73   PageID 17

Skip to Main Content Logout My Account Search Menu New Civil District Search Refine Search Back     Location : All District Civil Courts   Images Help

# REGISTER OF ACTIONS
## CASE NO. DC-15-09583

| | | |
|---|---|---|
| CURTIS JOHNSON vs. METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS, et al | § § § § § | Case Type: **MOTOR VEHICLE ACCIDENT**<br>Date Filed: **08/20/2015**<br>Location: **162nd District Court** |

---

### PARTY INFORMATION

| | | Lead Attorneys |
|---|---|---|
| DEFENDANT | ANDERSON, VERNON | |
| DEFENDANT | METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS | MICHAEL J SHIPMAN<br>*Retained*<br>214-987-9600(W) |
| DEFENDANT | METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY | MICHAEL J SHIPMAN<br>*Retained*<br>214-987-9600(W) |
| DEFENDANT | SCOTT, REDDRICK | |
| PLAINTIFF | JOHNSON, CURTIS W. | ZACHARY D HERBERT<br>*Retained*<br>214-378-6665(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 08/20/2015 | **NEW CASE FILED (OCA) - CIVIL** |
| 08/20/2015 | **ORIGINAL PETITION**<br>*PLAINTIFF'S ORIGINAL PETITION* |
| 08/20/2015 | **JURY DEMAND**<br>*JURY DEMAND* |
| 08/20/2015 | **CASE FILING COVER SHEET**<br>*CIVIL CASE COVER SHEET* |
| 08/20/2015 | **ISSUE CITATION** |
| 08/27/2015 | **CITATION** |

| | | |
|---|---|---|
| ANDERSON, VERNON | Served | 09/25/2015 |
| | Returned | 09/28/2015 |
| METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY | Served | 09/24/2015 |
| | Returned | 09/28/2015 |
| SCOTT, REDDRICK | Served | 09/25/2015 |
| | Returned | 09/28/2015 |
| METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS | Served | 09/24/2015 |
| | Returned | 09/28/2015 |

| | |
|---|---|
| 08/27/2015 | **CITATION ISSUED** |
| 09/01/2015 | **AMENDED PETITION**<br>*PLAINTIFFS 1ST* |
| 09/28/2015 | **RETURN OF SERVICE**<br>*EXECUTED CITATION - METROPOLITAN LLOYDS INSURANCE COMPANY* |
| 09/28/2015 | **RETURN OF SERVICE**<br>*EXECUTED CITATION METROPOLITAN PROPERTY AND CASULTY* |
| 09/28/2015 | **RETURN OF SERVICE**<br>*EXECUTED CITATION - VERNAN ANDERSON* |
| 09/28/2015 | **RETURN OF SERVICE**<br>*EXECUTED CITATION - REDDRICK SCOTT* |
| 10/06/2015 | **ORIGINAL ANSWER - GENERAL DENIAL** |
| 10/06/2015 | **ORIGINAL ANSWER - GENERAL DENIAL** |
| 10/06/2015 | **ORIGINAL ANSWER - GENERAL DENIAL**<br>*Vernon Anderson and Reddrick Scott's Original Answer* |

---

### FINANCIAL INFORMATION

**PLAINTIFF** JOHNSON, CURTIS W.

| | |
|---|---|
| Total Financial Assessment | 339.00 |
| Total Payments and Credits | 339.00 |
| **Balance Due as of 10/06/2015** | **0.00** |

EXHIBIT A-1

| 08/25/2015 | Transaction Assessment | | | 339.00 |
| 08/25/2015 | CREDIT CARD - TEXFILE (DC) | Receipt # 49542-2015-DCLK | JOHNSON, CURTIS W. | (339.00) |

FILED
DALLAS COUNTY
8/20/2015 6:05:52 PM
FELICIA PITRE
DISTRICT CLERK

4 CIT/ESERVE Case 15-cv-03288-N   Document 1-1   Filed 10/12/15   Page 5 of 73   PageID 19

DC-15-09583

Gay Smith

**CAUSE NO. _____**

| | | |
|---|---|---|
| **CURTIS W. JOHNSON;** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| **METROPOLITAN LLOYDS** | § | |
| **INSURANCE COMPANY OF TEXAS;** | § | |
| **METROPOLITAN PROPERTY AND** | § | |
| **CASUALTY INSURANCE COMPANY;** | § | 162ND-I  **JUDICIAL DISTRICT** |
| **VERNON ANDERSON; AND** | | |
| **REDDRICK SCOTT;** | | |
| | | |
| **Defendants.** | | |

**PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE,
FIRST SET OF INTERROGATORIES, FIRST REQUEST FOR ADMISSIONS,
FIRST REQUEST FOR PRODUCTION AND REQUEST FOR PRIVILEGE LOG
TO DEFENDANTS**

**TO THE HONORABLE COURT:**

Curtis W. Johnson file Plaintiff's Original Petition complaining of

Defendants, Metropolitan Lloyds Insurance Company of Texas ("MetLife"),

Metropolitan Property and Casualty Insurance Company ("MetLife"), Vernon

Anderson ("Anderson") and Reddrick Scott ("Scott").

## I. DISCOVERY CONTROL PLAN

Discovery is intended to be conducted under Level 3 pursuant to Rule 190

of the TEXAS RULES OF CIVIL PROCEDURE.

## II. EXPEDITED TRIAL RULE

As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's

counsel states that the damages sought are in an amount within the

EXHIBIT A-2

jurisdictional limits of this Court.  As required by Rule 47(c), Texas Rules of Civil

Procedure, Plaintiff's counsel states that Plaintiff seeks monetary relief of over

over $200,000.00 but not more than $1,000,000.00.  The amount of monetary

relief actually awarded, however, will ultimately be determined by a

jury.   Plaintiff also seeks pre-judgment and post-judgment interest at the highest

legal rate.

### III. PARTIES

Plaintiff Curtis W. Johnson is an individual resident of Duncanville, Dallas

County, Texas. His driver's license number is *****163 and his social security

number is ***-**-*158.

Defendant Metropolitan Lloyds Insurance Company of Texas is an

insurance company licensed to do business in the State of Texas, and said

corporation is engaged in writing insurance in Texas.  Defendant Metropolitan

Lloyds Insurance Company of Texas may be served with process herein by and

through its registered agent for service, CT Corporation System, 1999 Bryan

Street, #900, Dallas, Texas 75201.

Defendant Metropolitan Property and Casualty Insurance Company is an

insurance company licensed to do business in the State of Texas, and said

corporation is engaged in writing insurance in Texas.  Defendant Metropolitan

Property and Casualty Insurance Company may be served with process herein

by and through its registered agent for service, CT Corporation System, 1999

Bryan Street, #900, Dallas, Texas 75201.

Vernon Anderson is an individual and resident of Dallas, Dallas County, Texas.  She may be served with process at 4618 Lester Drive, Dallas, Texas 75219.

Defendant Reddrick Scott is an individual resident of Providence Village, Denton County, Texas.  Defendant may be served with process at 10001 Lexington Drive, Providence Village, Texas 76227.

## IV. JURISDICTION AND VENUE

The court has jurisdiction over the cause because the amount in controversy is within the jurisdictional limits of the court.

The court has jurisdiction over each Defendant because the causes of action arise out of the business Defendant conducted in Texas.

Venue is proper in Dallas County, Texas, because the defendants' principal office in this state is in Dallas County.

## V.  FACTS

Curtis W. Johnson is a consumer for purposes of the Texas Deceptive Trade Practices Act.

This is a suit for contractual benefits due to Plaintiff Curtis W. Johnson as a result of a motor vehicle collision that occurred on Tuesday, August 26, 2014, on TX-12 Loop within the city limits of Dallas, Dallas County, Texas.  At the time and on the occasion in question, Plaintiff Curtis W. Johnson had slowed due to traffic ahead on TX-12 Loop.  Maria Trevino was operating a vehicle behind Mr. Johnson.  Maria Trevino failed to slow and/ or stop, colliding hard with the

Plaintiff's vehicle.  As a result of the collision, Plaintiffs were injured and continue to suffer injuries and damages from this incident.

At the time in question, Curtis W. Johnson was acting in a reasonable and prudent manner when Maria Trevino, an uninsured motorist, committed a number of acts of negligence during the operation and use of a motor vehicle, which served as a proximate cause of the motor vehicle collision and injuries complained of herein.  Maria Trevino's acts of negligence were as follows:

   a.   Maria Trevino failed to keep such proper lookout and attention to the roadway as a person of ordinary prudence would have kept under the same or similar circumstances;

   b.   Maria Trevino failed to control the speed of her vehicle;

   c.   Maria Trevino failed to keep an assured safe distance from Plaintiffs' vehicle;

   d.   Maria Trevino failed to timely apply the brakes of her vehicle in order to avoid the collision in question; and

   e.   Maria Trevino failed to turn her vehicle in an effort to avoid the collision.

Each of the above and foregoing acts and omissions, singularly or in combination, constituted the negligence that was the proximate cause of the motor vehicle collision and consequently the injuries and damages of Plaintiff.

At all relevant times, Plaintiff was insured under an automobile insurance policy with Defendant Metropolitan Lloyds Insurance Company of Texas and/ or Metropolitan Property and Casualty Insurance Company, Policy No. 512224467, ("the Policy"), which insured Plaintiff in the event he was damaged or injured.

The Policy contains certain endorsements including endorsement TEO401C (the PIP Endorsement) for Personal Injury Protection.  The PIP Endorsement states that:

> A.  Coverage
>
> We [MetLife] will pay Personal Injury Protection benefits because of bodily Injury:
>
> > 1.    Resulting from a motor vehicle accident and
> > 2.    Sustained by person insured
>
> Our payment will only be for losses or expenses incurred within three years from the date of the accident.
> Personal Injury Protection benefits consists of:
>
> > 1.    Necessary expenses for medical … services

Plaintiff presented his claim for Personal Injury Protection benefits under his contract of insurance with MetLife.  MetLife assigned Vernon Anderson to adjust the claim.  Plaintiff also presented MetLife with all bills reflecting Plaintiff's necessary medical expenses which totaled over $10,000.

The Policy provided for $2,500 in personal injury protection, yet Mr. Anderson only authorized payment of approximately $29.59 which was later paid by MetLife.

## VI.  CONDITIONS PRECEDENT

Plaintiff asserts that all conditions precedent to the bringing of these causes of action have been performed or have occurred prior to the filing of the causes of action at bar.

At all relevant times, Plaintiff was insured under an automobile insurance policy with Defendant Metlife, Policy No. 512224467, which insured in the event he was damaged or injured by the negligence of an uninsured motorist. Plaintiff has complied with all the terms and conditions of the policy prior to bringing this action. Plaintiff would show that at the time of trial of this matter he will offer into evidence a copy of said policy, unless the original of the same is produced by Defendant Metlife, at said trial. In this regard, Plaintiff would show that Maria Trevino was in fact an uninsured motorist as defined by law and the policy in question.

Plaintiff presented his claim for uninsured motorist benefits under the contract of insurance with Metlife. Plaintiff pleads that all conditions precedent to filing suit have been complied with, including the statutory notice provision.

## VII.  DECLARATORY RELIEF

Plaintiff asserts claims under Texas Civil Practice and Remedies Code 37.001, *et seq.* to have his rights, status, and other legal relationships under the Insurance Policy he purchased from Defendant Metlife, established by a court of competent jurisdiction. Plaintiff seeks a declaration from the Court that:

A.      The negligence of Maria Trevino in that automobile wreck was the proximate cause of bodily injuries and damages to , which injuries include the following:

1.      Reasonable and necessary health care expenses incurred in the past;

2.    Reasonable and necessary health care expenses, which in all reasonable probability, will be incurred in the future;

3.    Loss of earnings in the past;

4.    Loss of earning capacity in the future;

5.    Property damage and loss of use of Plaintiff's vehicle;

6.    Physical pain and suffering in the past;

7.    Physical pain and suffering which, in all reasonable probability, will be endured in the future;

8.    Mental anguish suffered in the past;

9.    Mental anguish which, in all reasonable probability, will be suffered in the future;

10.   Physical impairment suffered in the past; and

11.   Physical impairment which, in all reasonable probability, will be suffered in the future.

B.    Plaintiff's claim for uninsured motorist benefits under Policy No.

512224467, (hereafter the "Insurance Policy") as a result of a car wreck that

occurred on August 26, 2014, is covered under the Insurance Policy;

C.    Plaintiff also seeks a declaration determining the amount of

uninsured motorist benefits that he is entitled to recover from Defendant Metlife,

after all applicable set-offs and credits, for each of the following elements of

damages covered under the Insurance Policy:

1.    Reasonable and necessary health care expenses incurred in the past;

2.    Reasonable and necessary health care expenses, which in all reasonable probability, will be incurred in the future;

3.      Lost wages in the past;

4.      Loss of earning capacity in the future;

5.      Property damage and loss of use of Plaintiff's vehicle;

6.      Physical pain and suffering in the past;

7.      Physical pain and suffering which, in all reasonable
        probability, will be endured in the future;

8.      Mental anguish suffered in the past;

9.      Mental anguish which, in all reasonable probability, will be
        suffered in the future;

10.     Physical impairment suffered in the past; and

11.     Physical impairment which, in all reasonable probability, will
        be suffered in the future.

Pursuant to §37.009 of the Texas Civil Practice and Remedies Code,

Plaintiff seeks all costs and reasonable and necessary attorneys' fees, as are

equitable and just, which are incurred or which may be incurred in this matter

including all such fees and expenses:

a.      For preparation and trial;

b.      For an appeal to the Court of Appeals;

c.      For making or responding to an application for writ of error to
        the Supreme Court of Texas; and

d.      If application for writ of error is granted by the Supreme
        Court of Texas.

Plaintiff now asks the Court, pursuant to the Texas Declaratory Judgments

Act §37.001 *et. seq.*, for a declaration that his injuries and damages fall within the

coverage of the Insurance Policy issued by Defendant Metlife and for a

declaration of his rights to such benefits and judgment against Defendant.

## VIII.  DAMAGES

Plaintiff alleges that as a direct and proximate result of the conduct and

negligent acts and omissions of the uninsured motorist, Plaintiff is entitled to

recover at least the following damages from Defendant Metlife:

a. Reasonable and necessary health care expenses incurred in the past;

b. Reasonable and necessary health care expenses, which in all reasonable probability, will be incurred in the future;

c. Lost wages in the past;

d. Loss of earning capacity in the future;

e. Property damage and loss of use of Plaintiff's vehicle;

f. Physical pain and suffering in the past;

g. Physical pain and suffering which, in all reasonable probability, will be endured in the future;

h. Mental anguish suffered in the past;

i. Mental anguish which, in all reasonable probability, will be suffered in the future;

j. Physical impairment suffered in the past; and

k. Physical impairment which, in all reasonable probability, will be suffered in the future.

## CAUSES OF ACTION AGAINST METLIFE REGARDING THE PIP POLICY

### A. DECLARATORY JUDGMENT

Pursuant to the Texas Declaratory Judgment Act, Plaintiff is entitled to a declaration that the Policy unambiguously provides coverage for the necessary medical expenses he incurred.  Alternatively, Plaintiff request a declaration that the Policy is ambiguous and must be interpreted in his favor.

## B.  BREACH OF CONTRACT

MetLife's conduct constitutes a breach of the insurance contract made between MetLife and Plaintiff.  MetLife's failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of MetLife's insurance contract with Plaintiff.  Plaintiff has satisfied all conditions precedent to the fulfillment of its contractual demands. Accordingly, additionally, or in the alternative, Plaintiff brings an action for breach of contract against MetLife, pursuant to Texas statutory and common law, including Chapter 38 of the Texas Civil Practice and Remedies Code, and seeks all of its damages for such breach, including actual damages, consequential damages, personal property damage, attorneys' fees, prejudgment interest, other litigation expenses and cost of court.

## C.  NONCOMPLIANCE WITH TEXAS INSURANCE CODE:  UNFAIR SETTLEMENT PRACTICES

MetLife's conduct constitutes multiple violations of Texas Insurance Code Chapter 541 and particularly TEX. INS. CODE §541.060(a).  All violations under this Chapter are made actionable by TEX. INS. CODE §541.151

MetLife's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issues, constitutes an unfair method of competition and unfair and deceptive act or practice in the business of insurance.  *See* TEX. INS. CODE §541.060(A)(1).

MetLife's unfair settlement practice, as described above of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. *See* TEX. INS. CODE § 541.060(a)(2)(A).

MetLife's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. *See* TEX. INS. CODE § 541.060(a)(3).

MetLife's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claims to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. *See* TEX. INS. CODE § 541.060(a)(4).

MetLife's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an

unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  *See* TEX. INS. CODE § 541.060(a)(7).

### D.  NONCOMPLIANCE WITH TEXAS INSURANCE CODE: PROMPT PAYMENT OF CLIAMS

MetLife's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Claim Settlement Practices Act.  All violations made under this Chapter are made actionable by TEX. INS. CODE § 542.060.

MetLife's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claims, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and violation of TEX. INS. CODE § 542.055.

MetLife's failure, as described above, to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of a claim and violation of TEX. INS. CODE § 542.056.

MetLife's delay of the payment of Plaintiff's claim as described above, following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, constitutes a non-prompt payment of a clam and a violation of TEX. INS. CODE § 542.058.

### E.  .DECEPTIVE TRADE PRACTICES

At all times pertinent, Plaintiff was a "Consumer" as defined in Section 17.54(4) of the Texas Business and Commerce Code, referred to as the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA.")

MetLife and its agents, including Vernon Anderson violated provisions of the DTPA including the following:

1. Violations of the Texas Insurance Code as set forth above;

2. Representing that the Policy had benefits which it did not have;

3. representing that the Policy conferred or involved rights and remedies that it did not have;

4. promulgating and selling a Policy which is worthless, provides little or no coverage, and is illusory;

5. misrepresenting the terms of an agreement;

6. representing that the Policy had characteristics, standards or coverage which it did not have;

7. failing to disclose information that was known at the time of the purchase of the Policy because it was intended to induce Plaintiff into purchasing the Policy; and

8. engaging in an unconscionable act or course of action

The deceptive acts and practices herein were in connection with Plaintiff's purchase of and claim under the Policy.  Plaintiff relied on the false, misleading and deceptive acts and practices as alleged herein to its detriment, and the conduct described above was the producing cause of injury and damage to

Plaintiff.  As a result of the conduct of MetLife and Mr. Anderson, Plaintiff has suffered damages including, without limitation, actual, economic and consequential damages.

One or more of the foregoing acts or omissions were "knowingly" made. Accordingly, Plaintiff will seek treble damages pursuant to TEX. BUS. & COMM. CODE §17.50(b)(1).

## F.    BAD FAITH

MetLife has refused to pay or has delayed paying a claim after liability has become reasonably clear.  MetLife has refused to pay, delayed paying or has offered grossly inadequate and unconscionable sums to settle the claim submitted by Plaintiff.  This constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.  Therefore, MetLife has acted in bad faith.

## G.    FRAUD

MetLife is liable to Plaintiff for common law fraud.  Each and every one of the representations, as described above, concerned material facts which MetLife knew were false or made recklessly without any knowledge of their truth as a positive assertion.  The statements were made with the intention that they should be acted upon by Plaintiff, who in turn acted in reliance upon the statements, thereby causing Plaintiff to suffer injury, and constituting common law fraud.

## H.    NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

Vernon Anderson's conduct constitutes multiple violations of

TEX.INS.CODE §541.060(a).   All violations under this article are made actionable by TEX.INS.CODE §541.151.

Vernon Anderson is individually liable for her unfair and deceptive acts, irrespective of the fact she was acting on behalf of MetLife, because she is a "person," as defined by TEX.INS.CODE §541.002(2).   The term "person" is defined as "an individual, corporation, association, partnership, reciprocal or interinsurance exchange, MetLife's plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster*, or life and health insurance counselor." TEX.INS.CODE §541.002(2)(emphasis added).

Vernon Anderson's unfair settlement practices, in failing to respond to Plaintiff's questions about insurance coverage, and to explain the basis for her and MetLife's determinations in regard to the claims made; in failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of the claim; in failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear; in failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff or to submit a reservation of rights to Plaintiff; and, in refusing to pay a claim without conducting a reasonable investigation with respect to the claim, constitutes an unfair method of competition and an unfair

and deceptive act or practice in the business of insurance.  *See* TEX.INS.CODE §541.060(2)(A), (3), (4) and (7).

## IX.

## KNOWLEDGE AND INTENT

Each of the Defendants' acts described above, together and singularly, were done "knowingly" and "intentionally" and were a producing cause of Plaintiff's damages described herein.

## X.

## DAMAGES

Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

For breach of contract, Plaintiff is entitled to regain the benefit of his bargain, which is the amount of Plaintiff's claim, together with attorney's fees.

For noncompliance with Texas Insurance Code §541, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs and attorney's fees.  For knowing conduct of the acts complained of, Plaintiff asks for three times the actual damages.  *See* TEX. INS. CODE §541.152.

For noncompliance with Texas Insurance Code §542, Plaintiff is entitled to the amount of Plaintiff's claim, as well as eighteen (18) percent interest per annum of the amount of such claim as damages, together with attorney's fees. *See* TEX. INS. CODE §542.060.

For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional distress.

For noncompliance with Texas Insurance Code §542, Plaintiff is entitled to economic damages, which include the amount of benefits wrongly withheld.  For knowing conduct violations, with regard to these breaches of duty, Plaintiff is entitled to damages for mental anguish, and Plaintiff also asks for three times the economic damages.  For intentional conduct violations, with regard to these breaches of duty, Plaintiff is entitled to economic damages and damages for mental anguish, and Plaintiff asks for three times the amount of economic and mental anguish damages.  Plaintiff is also entitled to court costs and attorney's fees.  TEX. BUS. & COM. CODE §17.50(b)(1).

For common law fraud, Plaintiff is entitled to actual damages and exemplary damages for knowing fraudulent and malicious representations, along with attorney's fees, interest and court costs.


## IX.  ATTORNEYS' FEES

Because of the conduct of Defendant, Plaintiff has been forced to engage the services of an attorney to prosecute this action.  Plaintiff is entitled to recover a reasonable sum for the necessary services of the attorneys in the preparation

and trial of this action and for any appeals to the court of appeals or the Texas Supreme Court.  Therefore, an award of reasonable attorneys' fees is authorized by §37.009 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE.

## X.  INTEREST

Plaintiff is also entitled to pre-judgment and post-judgment interest and costs of Court as allowed by law in addition to the interest available under the Texas Insurance Code.

## XI.  U.S. LIFE TABLES

Notice is hereby given to the Defendant that Plaintiff intends to use the U.S. Life Tables as prepared by the Department of Health and Human Services.

## XII.  REQUEST FOR JURY TRIAL

Plaintiff demands a trial by jury and include the appropriate jury fee.

## XIII.  REQUEST FOR DISCLOSURE

Pursuant to Rule 194 of the TEXAS RULES OF CIVIL PROCEDURE the Defendant is requested to disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2 (a)-(l).

## XIV.  DISCOVERY DOCUMENTS

Contemporaneously with this petition, Plaintiff serves to Defendant

Plaintiff's First Set of Interrogatories, First Request for Admissions, and First

Request for Production to Defendants.

## XV.  PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that

Defendants be cited to appear and answer herein, and that upon final hearing

thereof,  recover judgment against Defendants for:

1.   Plaintiff's past medical expenses, which are reasonable and customary for the medical care received by ;

2.   Plaintiff's future medical expenses;

3.   Plaintiff's lost wages in the past and loss of earning capacity in the future;

4.   Plaintiff's physical pain and suffering in the past and future in an amount to be determined by the jury;

5.   Plaintiff's mental anguish in the past and future in an amount to be determined by the jury;

6.   Plaintiff's physical impairment in the past and future in an amount to be determined by the jury;

7.   Plaintiff's property damage and loss of use of Plaintiff's vehicle;

8.   Interest on the judgment at the legal rate from the date of judgment;

9.   Pre-judgment interest on Plaintiff's damages as allowed by law;

10.   Exemplary damages under common law, the Texas Insurance Code and the DTPA

11.   All costs of court; and

12.     Such other and further relief to which  may be justly entitled.

Respectfully submitted,

**EBERSTEIN & WITHERITE, LLP**

BY:**/s/ Zachary D. Herbert**
    **ZACHARY D. HERBERT**
    State Bar No. 24069908
    zherbert@ewlawyers.com
    **AMY K. WITHERITE**
    State Bar No. 00788698
    awitherite@ewlawyers.com
    3100 Monticello Avenue, Suite 500
    Dallas, Texas 75205
    214/378-6665
    214/378-6670 (fax)

    **ATTORNEYS FOR PLAINTIFF**

FILED
DALLAS COUNTY
8/20/2015 6:05:52 PM
FELICIA PITRE
DISTRICT CLERK

30.00 JURY DEMAND

3100 Monticello Avenue, Suite 500
Dallas, Texas 75205-3432
(800) 779-6665
(214) 378-6665

**Larissa N. Flake**

Writer's Direct Dial:  972-354-3472
Writer's Fax: 214-935-2696
Writer's E-mail: lflake@ewlawyers.com
Attorney's Email: zherbert@ewlawyers.com

Gay Smith

# EBERSTEIN WITHERITE LLP

August 20, 2015

**VIA E-FILE**
Ms. Felicia Pitre
Dallas County District Clerk
George L. Allen, Sr. Courts Bldg.
600 Commerce Street, 1st Floor
Dallas, TX 75202

Re:     *Johnson, Curtis v. Metropolitan Lloyds Insurance Company of Texas, et al. ;*

Dear Ms. Pitre:

Plaintiff requests trial by jury. Plaintiff's jury fee of $30.00 is being submitted through E-File.

Please do not hesitate to call with any questions or concerns. Thank you for your assistance

Sincerely,

Larissa N. Flake
Paralegal to Zachary D. Herbert

/lnf
Enclosures

Texas Trial Attorneys   |   Dallas   |   Fort Worth   |   Houston

# EXHIBIT A-3

FILED
DALLAS COUNTY
8/20/2015 6:05:52 PM
FELICIA PITRE
DISTRICT CLERK

Case 3:15-cv-03288-N   Document 1-1   Filed 10/12/15   Page 27 of 73   PageID 41
DC-15-09583

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____   COURT *(FOR CLERK USE ONLY):* _____

STYLED CURTIS W. JOHNSON V. METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS, ET AL.
*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*
A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| **Name:** Zachary D. Herbert  **Email:** zherbert@ewlawyers.com | **Plaintiff(s)/Petitioner(s):** CURTIS W. JOHNSON | ☒ Attorney for Plaintiff/Petitioner  ☐ *Pro Se* Plaintiff/Petitioner  ☐ Title IV-D Agency  ☐ Other: _____ |
| **Address:** 3100 Monticello Ave., #500  **Telephone:** 214-378-6665 | | Additional Parties in Child Support Case: |
| **City/State/Zip:** Dallas TX 75205  **Fax:** 214-378-6670 | **Defendant(s)/Respondent(s):** METROPOLITAN LLOYDS  INSURANCE COMPANY OF TEXAS; | **Custodial Parent:**  **Non-Custodial Parent:** |
| **Signature:**  **State Bar No:** 24069908 | METROPOLITAN PROPERTY AND  [Attach additional page as necessary to list all parties] | **Presumed Father:** |

### 2. Indicate case type, or identify the most important issue in the case *(select only 1):*

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |

**Civil**

**Contract**
*Debt/Contract*
☒ Consumer/DTPA
☐ Debt/Contract
☐ Fraud/Misrepresentation
☐ Other Debt/Contract:
*Foreclosure*
☐ Home Equity—Expedited
☐ Other Foreclosure
☐ Franchise
☐ Insurance
☐ Landlord/Tenant
☐ Non-Competition
☐ Partnership
☐ Other Contract:

**Injury or Damage**
☐ Assault/Battery
☐ Construction
☐ Defamation
*Malpractice*
☐ Accounting
☐ Legal
☐ Medical
☐ Other Professional Liability:
☒ Motor Vehicle Accident
☐ Premises
*Product Liability*
☐ Asbestos/Silica
☐ Other Product Liability List Product:
☐ Other Injury or Damage:

**Real Property**
☐ Eminent Domain/ Condemnation
☐ Partition
☐ Quiet Title
☐ Trespass to Try Title
☐ Other Property:

**Related to Criminal Matters**
☐ Expunction
☐ Judgment Nisi
☐ Non-Disclosure
☐ Seizure/Forfeiture
☐ Writ of Habeas Corpus— Pre-indictment
☐ Other: _____

**Family Law**

**Marriage Relationship**
☐ Annulment
☐ Declare Marriage Void
*Divorce*
☐ With Children
☐ No Children

**Other Family Law**
☐ Enforce Foreign Judgment
☐ Habeas Corpus
☐ Name Change
☐ Protective Order
☐ Removal of Disabilities of Minority
☐ Other: _____

**Post-judgment Actions (non-Title IV-D)**
☐ Enforcement
☐ Modification—Custody
☐ Modification—Other
**Title IV-D**
☐ Enforcement/Modification
☐ Paternity
☐ Reciprocals (UIFSA)
☐ Support Order

**Parent-Child Relationship**
☐ Adoption/Adoption with Termination
☐ Child Protection
☐ Child Support
☐ Custody or Visitation
☐ Gestational Parenting
☐ Grandparent Access
☐ Parentage/Paternity
☐ Termination of Parental Rights
☐ Other Parent-Child:

**Employment**
☐ Discrimination
☐ Retaliation
☐ Termination
☐ Workers' Compensation
☐ Other Employment:

**Other Civil**
☐ Administrative Appeal
☐ Antitrust/Unfair Competition
☐ Code Violations
☐ Foreign Judgment
☐ Intellectual Property
☐ Lawyer Discipline
☐ Perpetuate Testimony
☐ Securities/Stock
☐ Tortious Interference
☐ Other: _____

**Tax**
☐ Tax Appraisal
☐ Tax Delinquency
☐ Other Tax

**Probate & Mental Health**
*Probate/Wills/Intestate Administration*
☐ Dependent Administration
☐ Independent Administration
☐ Other Estate Proceedings
☐ Guardianship—Adult
☐ Guardianship—Minor
☐ Mental Health
☐ Other: _____

### 3. Indicate procedure or remedy, if applicable *(may select more than 1):*
☐ Appeal from Municipal or Justice Court
☐ Arbitration-related
☐ Attachment
☐ Bill of Review
☐ Certiorari
☐ Class Action
☐ Declaratory Judgment
☐ Garnishment
☐ Interpleader
☐ License
☐ Mandamus
☐ Post-judgment
☐ Prejudgment Remedy
☐ Protective Order
☐ Receiver
☐ Sequestration
☐ Temporary Restraining Order/Injunction
☐ Turnover

### 4. Indicate damages sought *(do not select if it is a family law case):*
☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100, 000 but not more than $200,000
☒ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

Rev 2/13

# EXHIBIT A-4

FILED
DALLAS COUNTY
9/1/2015 4:12:32 PM
FELICIA PITRE
DISTRICT CLERK

Case 3:15-cv-03288-N   Document 1-1   Filed 10/12/15   Page 28 of 73   PageID 42

## CAUSE NO. DC-15-09583

| | | |
|---|---|---|
| **CURTIS W. JOHNSON;** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| **METROPOLITAN LLOYDS** | § | |
| **INSURANCE COMPANY OF TEXAS;** | § | |
| **METROPOLITAN PROPERTY AND** | § | |
| **CASUALTY INSURANCE COMPANY;** | § | |
| **VERNON ANDERSON; AND** | § | |
| **REDDRICK SCOTT;** | § | |
| | § | |
| **Defendants.** | § | **162nd JUDICIAL DISTRICT** |

## <u>PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION</u>

**TO THE HONORABLE COURT:**

  Curtis W. Johnson file Plaintiff's First Amended Original Petition complaining of Defendants, Metropolitan Lloyds Insurance Company of Texas ("MetLife"), Metropolitan Property and Casualty Insurance Company ("MetLife"), Vernon Anderson ("Anderson") and Reddrick Scott ("Scott").

## I.  DISCOVERY CONTROL PLAN

  Discovery is intended to be conducted under Level 3 pursuant to Rule 190 of the TEXAS RULES OF CIVIL PROCEDURE.

## II. EXPEDITED TRIAL RULE

  As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court.  As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks monetary relief of over


EXHIBIT A-5

over $200,000.00 but not more than $1,000,000.00.  The amount of monetary

relief actually awarded, however, will ultimately be determined by a

jury.   Plaintiff also seeks pre-judgment and post-judgment interest at the highest

legal rate.

### III. PARTIES

Plaintiff Curtis W. Johnson is an individual resident of Duncanville, Dallas

County, Texas. His driver's license number is *****163 and his social security

number is ***-**-*158.

Defendant Metropolitan Lloyds Insurance Company of Texas is an

insurance company licensed to do business in the State of Texas, and said

corporation is engaged in writing insurance in Texas.  Defendant Metropolitan

Lloyds Insurance Company of Texas may be served with process herein by and

through its registered agent for service, CT Corporation System, 1999 Bryan

Street, #900, Dallas, Texas 75201.

Defendant Metropolitan Property and Casualty Insurance Company is an

insurance company licensed to do business in the State of Texas, and said

corporation is engaged in writing insurance in Texas.  Defendant Metropolitan

Property and Casualty Insurance Company may be served with process herein

by and through its registered agent for service, CT Corporation System, 1999

Bryan Street, #900, Dallas, Texas 75201.

Vernon Anderson is an individual and resident of Dallas, Dallas County, Texas.  She may be served with process at 4618 Lester Drive, Dallas, Texas 75219.

Defendant Reddrick Scott is an individual resident of Providence Village, Denton County, Texas.  Defendant may be served with process at 10001 Lexington Drive, Providence Village, Texas 76227.

## IV. JURISDICTION AND VENUE

The court has jurisdiction over the cause because the amount in controversy is within the jurisdictional limits of the court.

The court has jurisdiction over each Defendant because the causes of action arise out of the business Defendant conducted in Texas.

Venue is proper in Dallas County, Texas, because the defendants' principal office in this state is in Dallas County.

## V.  FACTS

Curtis W. Johnson is a consumer for purposes of the Texas Deceptive Trade Practices Act.

This is a suit for contractual benefits due to Plaintiff Curtis W. Johnson as a result of a motor vehicle collision that occurred on Tuesday, August 26, 2014, on TX-12 Loop within the city limits of Dallas, Dallas County, Texas.  At the time and on the occasion in question, Plaintiff Curtis W. Johnson had slowed due to traffic ahead on TX-12 Loop.  Dennis L. Trevino was operating a vehicle behind Mr. Johnson.  Dennis L. Trevino failed to slow and/ or stop, colliding hard with the

Plaintiff's vehicle.  As a result of the collision, Plaintiff was injured and continues to suffer injuries and damages from this incident.

At the time in question, Curtis W. Johnson was acting in a reasonable and prudent manner when Dennis L. Trevino, an uninsured motorist, committed a number of acts of negligence during the operation and use of a motor vehicle, which served as a proximate cause of the motor vehicle collision and injuries complained of herein.  Dennis L. Trevino's acts of negligence were as follows:

a.     Dennis L. Trevino failed to keep such proper lookout and attention to the roadway as a person of ordinary prudence would have kept under the same or similar circumstances;

b.     Dennis L. Trevino failed to control the speed of his vehicle;

c.     Dennis L. Trevino failed to keep an assured safe distance from Plaintiff's vehicle;

d.     Dennis L. Trevino failed to timely apply the brakes of his vehicle in order to avoid the collision in question; and

e.     Dennis L. Trevino failed to turn his vehicle in an effort to avoid the collision.

Each of the above and foregoing acts and omissions, singularly or in combination, constituted the negligence that was the proximate cause of the motor vehicle collision and consequently the injuries and damages of Plaintiff.

At all relevant times, Plaintiff was insured under an automobile insurance policy with Defendant Metropolitan Lloyds Insurance Company of Texas and/ or Metropolitan Property and Casualty Insurance Company, Policy No. 512224467, ("the Policy"), which insured Plaintiff in the event he was damaged or injured.

The Policy contains certain endorsements including endorsement TEO401C (the PIP Endorsement) for Personal Injury Protection.  The PIP Endorsement states that:

>   A.  Coverage
>
>   We [MetLife] will pay Personal Injury Protection benefits because of bodily Injury:
>
>   >   1.   Resulting from a motor vehicle accident and
>   >   2.   Sustained by person insured
>
>   Our payment will only be for losses or expenses incurred within three years from the date of the accident.
>   Personal Injury Protection benefits consists of:
>
>   >   1.   Necessary expenses for medical … services

Plaintiff presented his claim for Personal Injury Protection benefits under his contract of insurance with MetLife.  MetLife assigned Vernon Anderson to adjust the claim.  Plaintiff also presented MetLife with all bills reflecting Plaintiff's necessary medical expenses which totaled over $10,000.

The Policy provided for $2,500 in personal injury protection, yet Mr. Anderson only authorized payment of approximately $29.59 which was later paid by MetLife.

## VI.  CONDITIONS PRECEDENT

Plaintiff asserts that all conditions precedent to the bringing of these causes of action have been performed or have occurred prior to the filing of the causes of action at bar.

At all relevant times, Plaintiff was insured under an automobile insurance policy with Defendant Metlife, Policy No. 512224467, which insured in the event he was damaged or injured by the negligence of an uninsured motorist. Plaintiff has complied with all the terms and conditions of the policy prior to bringing this action. Plaintiff would show that at the time of trial of this matter he will offer into evidence a copy of said policy, unless the original of the same is produced by Defendant Metlife, at said trial. In this regard, Plaintiff would show that Dennis L. Trevino was in fact an uninsured motorist as defined by law and the policy in question.

Plaintiff presented his claim for uninsured motorist benefits under the contract of insurance with Metlife. Plaintiff pleads that all conditions precedent to filing suit have been complied with, including the statutory notice provision.

## VII. DECLARATORY RELIEF

Plaintiff asserts claims under Texas Civil Practice and Remedies Code 37.001, *et seq.* to have his rights, status, and other legal relationships under the Insurance Policy he purchased from Defendant Metlife, established by a court of competent jurisdiction. Plaintiff seeks a declaration from the Court that:

A.     The negligence of Dennis L. Trevino in that automobile wreck was the proximate cause of bodily injuries and damages to , which injuries include the following:

1.     Reasonable and necessary health care expenses incurred in the past;

2.     Reasonable and necessary health care expenses, which in all reasonable probability, will be incurred in the future;

3.     Loss of earnings in the past;

4.     Loss of earning capacity in the future;

5.     Property damage and loss of use of Plaintiff's vehicle;

6.     Physical pain and suffering in the past;

7.     Physical pain and suffering which, in all reasonable probability, will be endured in the future;

8.     Mental anguish suffered in the past;

9.     Mental anguish which, in all reasonable probability, will be suffered in the future;

10.    Physical impairment suffered in the past; and

11.    Physical impairment which, in all reasonable probability, will be suffered in the future.

B.     Plaintiff's claim for uninsured motorist benefits under Policy No. 512224467, (hereafter the "Insurance Policy") as a result of a car wreck that occurred on August 26, 2014, is covered under the Insurance Policy;

C.     Plaintiff also seeks a declaration determining the amount of uninsured motorist benefits that he is entitled to recover from Defendant Metlife, after all applicable set-offs and credits, for each of the following elements of damages covered under the Insurance Policy:

1.     Reasonable and necessary health care expenses incurred in the past;

2.     Reasonable and necessary health care expenses, which in all reasonable probability, will be incurred in the future;

3.    Lost wages in the past;

4.    Loss of earning capacity in the future;

5.    Property damage and loss of use of Plaintiff's vehicle;

6.    Physical pain and suffering in the past;

7.    Physical pain and suffering which, in all reasonable probability, will be endured in the future;

8.    Mental anguish suffered in the past;

9.    Mental anguish which, in all reasonable probability, will be suffered in the future;

10.   Physical impairment suffered in the past; and

11.   Physical impairment which, in all reasonable probability, will be suffered in the future.

Pursuant to §37.009 of the Texas Civil Practice and Remedies Code, Plaintiff seeks all costs and reasonable and necessary attorneys' fees, as are equitable and just, which are incurred or which may be incurred in this matter including all such fees and expenses:

a.    For preparation and trial;

b.    For an appeal to the Court of Appeals;

c.    For making or responding to an application for writ of error to the Supreme Court of Texas; and

d.    If application for writ of error is granted by the Supreme Court of Texas.

Plaintiff now asks the Court, pursuant to the Texas Declaratory Judgments Act §37.001 *et. seq.*, for a declaration that his injuries and damages fall within the

coverage of the Insurance Policy issued by Defendant Metlife and for a

declaration of his rights to such benefits and judgment against Defendant.

## VIII.  DAMAGES

Plaintiff alleges that as a direct and proximate result of the conduct and

negligent acts and omissions of the uninsured motorist, Plaintiff is entitled to

recover at least the following damages from Defendant Metlife:

a.   Reasonable and necessary health care expenses incurred in the past;

b.   Reasonable and necessary health care expenses, which in all reasonable probability, will be incurred in the future;

c.   Lost wages in the past;

d.   Loss of earning capacity in the future;

e.   Property damage and loss of use of Plaintiff's vehicle;

f.   Physical pain and suffering in the past;

g.   Physical pain and suffering which, in all reasonable probability, will be endured in the future;

h.   Mental anguish suffered in the past;

i.   Mental anguish which, in all reasonable probability, will be suffered in the future;

j.   Physical impairment suffered in the past; and

k.   Physical impairment which, in all reasonable probability, will be suffered in the future.

## CAUSES OF ACTION AGAINST METLIFE REGARDING THE PIP POLICY

### A.  DECLARATORY JUDGMENT

Pursuant to the Texas Declaratory Judgment Act, Plaintiff is entitled to a declaration that the Policy unambiguously provides coverage for the necessary medical expenses he incurred.  Alternatively, Plaintiff request a declaration that the Policy is ambiguous and must be interpreted in his favor.

## B.  BREACH OF CONTRACT

MetLife's conduct constitutes a breach of the insurance contract made between MetLife and Plaintiff.  MetLife's failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of MetLife's insurance contract with Plaintiff.  Plaintiff has satisfied all conditions precedent to the fulfillment of its contractual demands.  Accordingly, additionally, or in the alternative, Plaintiff brings an action for breach of contract against MetLife, pursuant to Texas statutory and common law, including Chapter 38 of the Texas Civil Practice and Remedies Code, and seeks all of its damages for such breach, including actual damages, consequential damages, personal property damage, attorneys' fees, prejudgment interest, other litigation expenses and cost of court.

## C.  NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

MetLife's conduct constitutes multiple violations of Texas Insurance Code Chapter 541 and particularly TEX. INS. CODE §541.060(a).  All violations under this Chapter are made actionable by TEX. INS. CODE §541.151

MetLife's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issues, constitutes an unfair method of competition and unfair and deceptive act or practice in the business of insurance.  *See* TEX. INS. CODE §541.060(A)(1).

MetLife's unfair settlement practice, as described above of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. *See* TEX. INS. CODE § 541.060(a)(2)(A).

MetLife's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. *See* TEX. INS. CODE § 541.060(a)(3).

MetLife's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claims to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. *See* TEX. INS. CODE § 541.060(a)(4).

MetLife's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an

unfair method of competition and an unfair and deceptive act or practice in the business of insurance. *See* TEX. INS. CODE § 541.060(a)(7).

### D.  NONCOMPLIANCE WITH TEXAS INSURANCE CODE: PROMPT PAYMENT OF CLIAMS

MetLife's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Claim Settlement Practices Act.  All violations made under this Chapter are made actionable by TEX. INS. CODE § 542.060.

MetLife's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claims, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and violation of TEX. INS. CODE § 542.055.

MetLife's failure, as described above, to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of a claim and violation of TEX. INS. CODE § 542.056.

MetLife's delay of the payment of Plaintiff's claim as described above, following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, constitutes a non-prompt payment of a clam and a violation of TEX. INS. CODE § 542.058.

### E.  .DECEPTIVE TRADE PRACTICES

At all times pertinent, Plaintiff was a "Consumer" as defined in Section 17.54(4) of the Texas Business and Commerce Code, referred to as the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA.")

MetLife and its agents, including Vernon Anderson violated provisions of the DTPA including the following:

1. Violations of the Texas Insurance Code as set forth above;

2. Representing that the Policy had benefits which it did not have;

3. representing that the Policy conferred or involved rights and remedies that it did not have;

4. promulgating and selling a Policy which is worthless, provides little or no coverage, and is illusory;

5. misrepresenting the terms of an agreement;

6. representing that the Policy had characteristics, standards or coverage which it did not have;

7. failing to disclose information that was known at the time of the purchase of the Policy because it was intended to induce Plaintiff into purchasing the Policy; and

8. engaging in an unconscionable act or course of action

The deceptive acts and practices herein were in connection with Plaintiff's purchase of and claim under the Policy.  Plaintiff relied on the false, misleading and deceptive acts and practices as alleged herein to its detriment, and the conduct described above was the producing cause of injury and damage to

Plaintiff.  As a result of the conduct of MetLife and Mr. Anderson, Plaintiff has suffered damages including, without limitation, actual, economic and consequential damages.

One or more of the foregoing acts or omissions were "knowingly" made. Accordingly, Plaintiff will seek treble damages pursuant to TEX. BUS. & COMM. CODE §17.50(b)(1).

## F.      BAD FAITH

MetLife has refused to pay or has delayed paying a claim after liability has become reasonably clear.  MetLife has refused to pay, delayed paying or has offered grossly inadequate and unconscionable sums to settle the claim submitted by Plaintiff.  This constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.  Therefore, MetLife has acted in bad faith.

## G.      FRAUD

MetLife is liable to Plaintiff for common law fraud.  Each and every one of the representations, as described above, concerned material facts which MetLife knew were false or made recklessly without any knowledge of their truth as a positive assertion.  The statements were made with the intention that they should be acted upon by Plaintiff, who in turn acted in reliance upon the statements, thereby causing Plaintiff to suffer injury, and constituting common law fraud.

## H.      NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

Vernon Anderson's conduct constitutes multiple violations of

TEX.INS.CODE §541.060(a).    All violations under this article are made actionable by TEX.INS.CODE §541.151.

Vernon Anderson is individually liable for her unfair and deceptive acts, irrespective of the fact she was acting on behalf of MetLife, because she is a "person," as defined by TEX.INS.CODE §541.002(2).   The term "person" is defined as "an individual, corporation, association, partnership, reciprocal or interinsurance exchange, MetLife's plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster*, or life and health insurance counselor." TEX.INS.CODE §541.002(2)(emphasis added).

Vernon Anderson's unfair settlement practices, in failing to respond to Plaintiff's questions about insurance coverage, and to explain the basis for her and MetLife's determinations in regard to the claims made; in failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of the claim; in failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear; in failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff or to submit a reservation of rights to Plaintiff; and, in refusing to pay a claim without conducting a reasonable investigation with respect to the claim, constitutes an unfair method of competition and an unfair

and deceptive act or practice in the business of insurance.  *See* TEX.INS.CODE §541.060(2)(A), (3), (4) and (7).

## IX.

## <u>KNOWLEDGE AND INTENT</u>

Each of the Defendants' acts described above, together and singularly, were done "knowingly" and "intentionally" and were a producing cause of Plaintiff's damages described herein.

## X.

## <u>DAMAGES</u>

Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

For breach of contract, Plaintiff is entitled to regain the benefit of his bargain, which is the amount of Plaintiff's claim, together with attorney's fees.

For noncompliance with Texas Insurance Code §541, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs and attorney's fees.  For knowing conduct of the acts complained of, Plaintiff asks for three times the actual damages.  *See* TEX. INS. CODE §541.152.

For noncompliance with Texas Insurance Code §542, Plaintiff is entitled to the amount of Plaintiff's claim, as well as eighteen (18) percent interest per annum of the amount of such claim as damages, together with attorney's fees. *See* TEX. INS. CODE §542.060.

For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional distress.

For noncompliance with Texas Insurance Code §542, Plaintiff is entitled to economic damages, which include the amount of benefits wrongly withheld.  For knowing conduct violations, with regard to these breaches of duty, Plaintiff is entitled to damages for mental anguish, and Plaintiff also asks for three times the economic damages.  For intentional conduct violations, with regard to these breaches of duty, Plaintiff is entitled to economic damages and damages for mental anguish, and Plaintiff asks for three times the amount of economic and mental anguish damages.  Plaintiff is also entitled to court costs and attorney's fees.  TEX. BUS. & COM. CODE §17.50(b)(1).

For common law fraud, Plaintiff is entitled to actual damages and exemplary damages for knowing fraudulent and malicious representations, along with attorney's fees, interest and court costs.

## XI.  ATTORNEYS' FEES

Because of the conduct of Defendant, Plaintiff has been forced to engage the services of an attorney to prosecute this action.  Plaintiff is entitled to recover a reasonable sum for the necessary services of the attorneys in the preparation

and trial of this action and for any appeals to the court of appeals or the Texas

Supreme Court.  Therefore, an award of reasonable attorneys' fees is authorized

by §37.009 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE.

## XII.  INTEREST

Plaintiff is also entitled to pre-judgment and post-judgment interest and

costs of Court as allowed by law in addition to the interest available under the

Texas Insurance Code.

## XIII.  U.S. LIFE TABLES

Notice is hereby given to the Defendant that Plaintiff intends to use the

U.S. Life Tables as prepared by the Department of Health and Human Services.

## XIV.  REQUEST FOR JURY TRIAL

Plaintiff demands a trial by jury and include the appropriate jury fee.

## XV.  PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that

Defendants be cited to appear and answer herein, and that upon final hearing

thereof,  recover judgment against Defendants for:

1.   Plaintiff's past medical expenses, which are reasonable and customary for the medical care received by ;

2.   Plaintiff's future medical expenses;

3.   Plaintiff's lost wages in the past and loss of earning capacity in the future;

4.   Plaintiff's physical pain and suffering in the past and future in an amount to be determined by the jury;

5.      Plaintiff's mental anguish in the past and future in an amount to be determined by the jury;

6.      Plaintiff's physical impairment in the past and future in an amount to be determined by the jury;

7.      Plaintiff's property damage and loss of use of Plaintiff's vehicle;

8.      Interest on the judgment at the legal rate from the date of judgment;

9.      Pre-judgment interest on Plaintiff's damages as allowed by law;

10.     Exemplary damages under common law, the Texas Insurance Code and the DTPA

11.     All costs of court; and

12.     Such other and further relief to which  may be justly entitled.

Respectfully submitted,

**EBERSTEIN & WITHERITE, LLP**

BY:**/s/ _Zachary D. Herbert_**
**ZACHARY D. HERBERT**
State Bar No. 24069908
zherbert@ewlawyers.com
**AMY K. WITHERITE**
State Bar No. 00788698
awitherite@ewlawyers.com
3100 Monticello Avenue, Suite 500
Dallas, Texas 75205
214/378-6665
214/378-6670 (fax)

**ATTORNEYS FOR PLAINTIFF**

FILED
DALLAS COUNTY
9/28/2015 5:10:44 PM
FELICIA PITRE
DISTRICT CLERK

Dianne Coffey

## Cause No. DC-15-09583

| | |
|---|---|
| CURTIS JOHNSON | IN THE DISTRICT COURT |
| VS. | 162nd JUDICIAL DISTRICT |
| METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS; METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY; VERNON ANDERSON AND REDDRICK SCOTT | DALLAS COUNTY, TEXAS |

## RETURN OF SERVICE

Came to hand on the *24TH* day of *SEPTEMBER*, 2015 at *11:14* *A*.m. and executed at *1999 BRYAN STREET,* *SUITE 900*, *DALLAS,* *TEXAS 75201* ,

    (Address)        (Apt#)        (City)     (State)    (Zip Code)

within the county of *DALLAS* on the *24TH* day of *SEPTEMBER*, 2015 at

*12:50* *P*.m. by delivering to **Metropolitan Lloyds Insurance Company of Texas by serving Its Registered Agent, CT Corporation System,** *(MARIE GARCIA),* in person, a true copy of the Citation together with a true and correct copy of the Plaintiff's First Amended Original Petition, First Set of Interrogatories, First Request for Admissions, First Request for Production and Request for Privilege Log to Defendant filed in this cause, having first endorsed thereupon the date of delivery.

By: *Jim N Bennett*
    Private Process Server

SCH# *196* Expires: *7/31/17*

## VERIFICATION

BEFORE ME, a Notary Public, on this day personally appeared *James N. Bennett* known to be the person whose name is subscribed to the foregoing document and being by me first duly sworn, declared that the statements therein contained are true and correct and that he is not a party to this lawsuit and has no interest in the outcome. Given under my hand and seal of office this *28th* day of *September*, 2015.

*Lynette M Overall*

    Notary Public, State of Texas

LYNETTE G. OVERALL
Notary Public, State of Texas
My Commission Expires
August 04, 2019

# EXHIBIT A-6

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

**To:**

**METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS**
**BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM**
**1999 BRYAN STREET #900**
**DALLAS TX 75201**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the
clerk of the **162nd District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **CURTIS W. JOHNSON**

Filed in said Court **20th day of August, 2015** against

**METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS; METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY; VERNON ANDERSON; AND REDDRICK SCOTT;**

For Suit, said suit being numbered <u>**DC-15-09583,**</u> the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition **REQ FOR DISCLOSURE, REQ FOR ADMISSIONS, REQ FOR PRODUCTION, REQ INTERROGATORIES,**
a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 27th day of August, 2015.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____, Deputy
Damarcus Offord
**DAMARCUS OFFORD**



---

**ESERVE**

# CITATION

## DC-15-09583

**CURTIS JOHNSON**
**vs.**
**METROPOLITAN LLOYDS**
**INSURANCE COMPANY OF TEXAS**
**et al**

**ISSUED THIS**
**27th day of August, 2015**

**FELICIA PITRE**
Clerk District Courts,
Dallas County, Texas

By: DAMARCUS OFFORD, Deputy

---

**ATTORNEY FOR PLAINTIFF**
**ZACHARY D HERBERT**
**ZHERBERT@EWLAWYERS.COM**
**3100 MONTICELLO AVE SUITE 500**
**DALLAS TX 75205**
**214-378-6665**

## DALLAS COUNTY
## SERVICE FEES
## NOT PAID

## OFFICER'S RETURN

Case No. : DC-15-09583

Court No.162nd District Court

Style: CURTIS JOHNSON

vs.

METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS. et al

Came to hand on the _____day of _____, 20_____, at _____o'clock_____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____day of_____.

20_____. by delivering to the within named

_____

_____   _____   _____   _____   _____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

| | | |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____County, _____ |
| For Notary | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

FILED
DALLAS COUNTY
9/28/2015 5:14:04 PM
FELICIA PITRE
DISTRICT CLERK

Case 3:15-cv-03288-N   Document 1-1   Filed 10/12/15   Page 50 of 73   PageID 64

Dianne Coffey

## Cause No. DC-15-09583

| | |
|---|---|
| CURTIS JOHNSON | IN THE DISTRICT COURT |
| VS. | 162nd JUDICIAL DISTRICT |
| METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS; METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY; VERNON ANDERSON AND REDDRICK SCOTT | DALLAS COUNTY, TEXAS |

## RETURN OF SERVICE

Came to hand on the _24 TH_ day of _SEPTEMBER_, 2015 at _11:14_ _a_.m. and executed at _1999 BRYAN STREET,_ _SUITE 900,_ _DALLAS,_ _TEXAS 75201_ ,

(Address)        (Apt#)        (City)        (State)        (Zip Code)

within the county of _DALLAS_ on the _24 TH_ day of _SEPTEMBER_, 2015 at

_12:50_ _P_.m. by delivering to **Metropolitan Property and Casualty Insurance Company** by serving **Its Registered Agent, CT Corporation System**, _(CHARLIE GARCIA)_, in person, a true copy of the Citation together with a true and correct copy of the Plaintiff's First Amended Original Petition, First Set of Interrogatories, First Request for Admissions, First Request for Production and Request for Privilege Log to Defendant filed in this cause, having first endorsed thereupon the date of delivery.

By: _James N. Bennett_
Private Process Server

SCH# _196_ Expires: _7/31/17_

## VERIFICATION

BEFORE ME, a Notary Public, on this day personally appeared _James N. Bennett_ known to be the person whose name is subscribed to the foregoing document and being by me first duly sworn, declared that the statements therein contained are true and correct and that he is not a party to this lawsuit and has no interest in the outcome. Given under my hand and seal of office this _28th_ day of _September_ 2015.

_Lynette G. Overall_

Notary Public, State of Texas

LYNETTE G. OVERALL
Notary Public, State of Texas
My Commission Expires
August 04, 2019

# EXHIBIT A-7

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

**To:**

> METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY
> BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM
> 1999 BRYAN STREET #900
> DALLAS TX 75201

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty  days after you were served this citation and  petition, a default judgment may be taken against you.  Your answer should be addressed to the clerk of the **162nd District Court** at 600 Commerce Street, Ste. 101, Dallas. Texas 75202.

Said Plaintiff being **CURTIS W. JOHNSON**

Filed in said Court  **20th day of August, 2015** against

**METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS; METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY; VERNON ANDERSON; AND REDDRICK SCOTT;**

For Suit, said suit being numbered <u>DC-15-09583,</u> the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition **REQ FOR DISCLOSURE, REQ FOR ADMISSIONS, REQ FOR PRODUCTION, REQ INTERROGATORIES,**
a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 27th day of August, 2015.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____, Deputy
   Damarcus Offord
   DAMARCUS OFFORD

---

**ESERVE**

# CITATION

## DC-15-09583

**CURTIS JOHNSON**
**vs.**
**METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS, et al**

ISSUED THIS
**27th day of August, 2015**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: DAMARCUS OFFORD, Deputy

**ATTORNEY FOR PLAINTIFF**
ZACHARY D HERBERT
ZHERBERT@EWLAWYERS.COM
3100 MONTICELLO AVE SUITE 500
DALLAS TX 75205
214-378-6665

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

# OFFICER'S RETURN

Case No. : DC-15-09583

Court No.162nd District Court

Style: CURTIS JOHNSON

vs.

METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS. et al

Came to hand on the _____day of _____, 20_____, at _____o'clock_____.M. Executed at _____.

within the County of _____ at _____ o'clock _____ .M. on the _____day of_____.

20_____. by delivering to the within named

_____

_____ _____ _____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:  To certify which witness my hand.

| | | |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____County, _____ |
| For Notary | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

FILED
DALLAS COUNTY
9/28/2015 5:16:57 PM
FELICIA PITRE
DISTRICT CLERK

Dianne Coffey

## Cause No. DC-15-09583

| | |
|---|---|
| CURTIS JOHNSON | IN THE DISTRICT COURT |
| VS. | 162nd JUDICIAL DISTRICT |
| METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS; METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY; VERNON ANDERSON AND REDDRICK SCOTT | DALLAS COUNTY, TEXAS |

### RETURN OF SERVICE

Came to hand on the _24 TH_ day of _SEPTEMBER_, 2015 at _11:14 A_.m. and executed at _3660 REGENT BLVD._ _SUITE 150_, _IRVING_, _TEXAS_ _75065_,
(Address)   (Apt#)   (City)   (State)   (Zip Code)

within the county of _DALLAS_ on the _25TH_ day of _SEPTEMBER_, 2015 at _2:48_ _P_.m. by delivering to **Vernon Anderson** in person, a true copy of the Citation together with a true and correct copy of the Plaintiff's First Amended Original Petition filed in this cause, having first endorsed thereupon the date of delivery.

By: _J. Bennett_
Private Process Server

SCH# _196_  Expires: _7/31/15_

### VERIFICATION

BEFORE ME, a Notary Public, on this day personally appeared _James N. Bennett_ known to be the person whose name is subscribed to the foregoing document and being by me first duly sworn, declared that the statements therein contained are true and correct and that he is not a party to this lawsuit and has no interest in the outcome. Given under my hand and seal of office this _28th_ day of _September_, 2015.

_Lynette G. Overall_

Notary Public, State of Texas



LYNETTE G. OVERALL
Notary Public, State of Texas
My Commission Expires
August 04, 2019

# EXHIBIT A-8

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

**To:**
>       VERNON ANDERSON
>       4618 LESTER DRIVE
>       DALLAS TX 75219

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **162nd District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **CURTIS W. JOHNSON**

Filed in said Court **20th day of August, 2015** against

**METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS; METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY; VERNON ANDERSON; AND REDDRICK SCOTT;**

For Suit, said suit being numbered <u>DC-15-09583,</u> the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition **REQ FOR DISCLOSURE, REQ FOR ADMISSIONS, REQ FOR PRODUCTION, REQ INTERROGATORIES,** a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 27th day of August, 2015.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

Damarcus Offord

By_____, Deputy
>       DAMARCUS OFFORD



---

**ESERVE**

# CITATION

## DC-15-09583

---

**CURTIS JOHNSON**
vs.
**METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS,** et al

ISSUED THIS
**27th day of August, 2015**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: DAMARCUS OFFORD, Deputy

---

**ATTORNEY FOR PLAINTIFF**
**ZACHARY D HERBERT**
**ZHERBERT@EWLAWYERS.COM**
**3100 MONTICELLO AVE SUITE 500**
**DALLAS TX 75205**
**214-378-6665**

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

# OFFICER'S RETURN

Case No. : DC-15-09583

Court No.162nd District Court

Style: CURTIS JOHNSON

vs.

METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS, et al

Came to hand on the _____day of _____, 20_____, at _____o'clock_____.M. Executed at _____.

within the County of _____ at _____ o'clock _____ .M. on the _____day of_____.

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

| | | |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____County, _____ |
| For Notary | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

FILED
DALLAS COUNTY
9/28/2015 5:19:52 PM
FELICIA PITRE
DISTRICT CLERK

Case 3:15-cv-03288-N   Document 1-1   Filed 10/12/15   Page 56 of 73   PageID 70

Dianne Coffey

## Cause No. DC-15-09583

| CURTIS JOHNSON | IN THE DISTRICT COURT |
| --- | --- |
| VS. | 162nd JUDICIAL DISTRICT |
| METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS; METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY; VERNON ANDERSON AND REDDRICK SCOTT | DALLAS COUNTY, TEXAS |

### RETURN OF SERVICE

Came to hand on the _24TH_ day of _SEPTEMBER_, 2015 at _11:14_ _a_.m. and executed at _3660 REGENT BLVD._, _SUITE 150_, _IRVING_, _TEXAS_ _75063_,

(Address)    (Apt#)    (City)    (State)    (Zip Code)

within the county of _DALLAS_ on the _25TH_ day of _SEPTEMBER_, 2015 at _1:50_ _p_.m. by delivering to **Reddrick Scott** in person, a true copy of the Citation together with a true and correct copy of the Plaintiff's First Amended Original Petition filed in this cause, having first endorsed thereupon the date of delivery.

By: _J___ N Bennett_
Private Process Server

SCH# _146_    Expires: _7/31/17_

### VERIFICATION

BEFORE ME, a Notary Public, on this day personally appeared _James N. Bennett_ known to be the person whose name is subscribed to the foregoing document and being by me first duly sworn, declared that the statements therein contained are true and correct and that he is not a party to this lawsuit and has no interest in the outcome. Given under my hand and seal of office this _28th_ day of _September_, 2015.

_Lynette G. Overall_

Notary Public, State of Texas



LYNETTE G. OVERALL
Notary Public, State of Texas
My Commission Expires
August 04, 2019

# EXHIBIT A-9

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:

**REDDRICK SCOTT**
**10001 LEXINGTON DRIVE**
**PROVIDENCE VILLAGE TX  76227**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with  the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty   days after you were served this citation and  petition, a default judgment may be taken against you.  Your answer should be addressed to the clerk of the **162nd District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **CURTIS W. JOHNSON**

Filed in said Court  **20th day of August, 2015** against

**METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS; METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY; VERNON ANDERSON; AND REDDRICK SCOTT;**

For Suit, said suit being numbered <u>**DC-15-09583,**</u> the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition **REQ FOR DISCLOSURE, REQ FOR ADMISSIONS, REQ FOR PRODUCTION, REQ INTERROGATORIES,**
a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 27th day of August, 2015.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____, Deputy
　　　DAMARCUS OFFORD

Damarcus Offord



---

**ESERVE**

# CITATION

## DC-15-09583

**CURTIS JOHNSON**
vs.
**METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS,**
**et al**

ISSUED THIS
**27th day of August, 2015**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: DAMARCUS OFFORD, Deputy

**ATTORNEY FOR PLAINTIFF**
ZACHARY D HERBERT
ZHERBERT@EWLAWYERS.COM
3100 MONTICELLO AVE SUITE 500
DALLAS TX  75205
214-378-6665

# DALLAS COUNTY
# SERVICE FEES
# NOT PAID

# OFFICER'S RETURN

Case No. : DC-15-09583

Court No.162nd District Court

Style: CURTIS JOHNSON

vs.

METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS, et al

Came to hand on the _____day of _____, 20_____, at _____o'clock_____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____day of_____.

20_____, by delivering to the within named

_____

_____     _____ _____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

|  | | |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____County, _____ |
| For Notary | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

FILED
DALLAS COUNTY
10/6/2015 9:51:26 AM
FELICIA PITRE
DISTRICT CLERK

Case 3:15-cv-03288-N  Document 1-1  Filed 10/12/15  Page 59 of 73  PageID 73

MET. 22578

## CAUSE NO. DC-15-09583

| | | |
|---|---|---|
| CURTIS W. JOHNSON, | § | IN THE DISTRICT COURT |
| **Plaintiff,** | § | |
| | § | |
| v. | § | |
| | § | |
| METROPOLITAN LLOYDS | § | DALLAS COUNTY, TEXAS |
| INSURANCE COMPANY OF TEXAS; | § | |
| METROPOLITAN PROPERTY AND | § | |
| CASUALTY INSURANCE COMPANY; | § | |
| VERNON ANDERSON; AND | § | |
| REDDRICK SCOTT, | § | |
| **Defendants.** | § | 162nd JUDICIAL DISTRICT |

## DEFENDANT METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS, (hereinafter "METROPOLITAN LLOYDS") one of the Defendants in the above-referenced case, and files this its Original Answer, and would show the Court as follows:

### I.

Defendant METROPOLITAN LLOYDS admits that it issued a policy of insurance number 5122244670 to Pamela C. Johnson and Curtis Johnson, and that said policy was in full force and effect on the date of the incident in question, August 26, 2014. Additionally, Defendant METROPOLITAN LLOYDS admits that said policy provided uninsured/underinsured motorists coverage, subject to all conditions and terms contained within such coverage.

### II.

Subject to Paragraph I above, Defendant METROPOLITAN LLOYDS asserts a general denial, as authorized by Rule 92 of the Texas Rules of Civil Procedure, and respectfully requests

EXHIBIT A-10

that the Court and the jury require Plaintiff to prove his claims, charges, and allegations by a preponderance of the evidence, as required by the constitution and laws of the State of Texas.

### III.

Defendant METROPOLITAN LLOYDS specifically denies that all conditions precedent to the Plaintiff's claims for recovery have been satisfied, in that under Texas law and the clear and express language of the insurance policy, the Plaintiff is not yet legally entitled to the benefits of such policy, the Plaintiff has not presented a "claim" at this time, and the Plaintiff has not established liability, causation, and damages with regard to the underlying motor vehicle accident in question.

### IV.

Defendant METROPOLITAN LLOYDS alleges that, under Texas law, it is not liable for breach of contract, prejudgment interest, or attorneys' fees.

### V.

Defendant METROPOLITAN LLOYDS would further show as a matter of law, the Plaintiff's claims seeking uninsured motorist benefits and attorney's fees do not exist at this time. Because the underlying tortfeasor(s) liability and the Plaintiff's damages have not been established by a signed judgment, no uninsured motorist claim exists, none has been presented to this Defendant, and no duty has been breached regarding the contract of insurance.

### VI.

Defendant METROPOLITAN LLOYDS specifically alleges that it did not breach any contract, any provision of the aforementioned insurance policy, or any statutory duty. In that regard, Defendant METROPOLITAN LLOYDS specifically alleges that the Plaintiff has not

demonstrated at this time that he is legally entitled to damages as required by the policy under Texas law.

## VII.

Pleading further, if same be necessary, Defendant METROPOLITAN LLOYDS denies the Plaintiff's extra-contractual claim for breach of duty, for the reason that these claims reflect, at most, a bona fide dispute between the parties concerning the Plaintiff's alleged entitlement to certain benefits under the insurance policy in question and, as a result, extra-contractual recovery is precluded.

## VIII.

Pleading further, if same be necessary, this Defendant METROPOLITAN LLOYDS pleads that its liability, if any, under the insurance policy in question has not become reasonably clear.

## IX.

Defendant METROPOLITAN LLOYDS would further show the Court that the Plaintiff has failed to give the pre-filing notice of this suit, as required by law, and therefore this case should be abated until such notice has been given or, alternatively, this Defendant is entitled to partial summary judgment at this time.

## X.

Defendant METROPOLITAN LLOYDS also invokes § 18.091 of the Texas Civil Practice and Remedies Code and requests to the extent the Plaintiff seeks recovery for loss of earnings, loss of earning capacity, loss of contribution of a pecuniary value, or a loss of inheritance, that the evidence to prove such loss must be presented in the form of a net loss after reduction for income tax payments or unpaid tax liability. Defendant METROPOLITAN

LLOYDS further requests that the Court instruct the jury as to whether any recovery for compensatory damages sought by the Plaintiff is subject to federal income taxes.

## XI.

Answering further and in the affirmative, Defendant METROPOLITAN LLOYDS invokes § 41.0105 of the Texas Civil Practice and Remedies Code concerning Plaintiff's claim for the recovery of health care expenses and other related damages, past and future.

## XII.

Defendant METROPOLITAN LLOYDS further alleges that the Plaintiff's claims for pre-judgment interest are limited by the dates and amounts set forth in § 304.101 of the Texas Finance Code.

## XIII.

For further answer, in the alternative, and by way of affirmative defense, Defendant METROPOLITAN LLOYDS would show that the injuries and damages complained of by Plaintiff herein are the result, in whole or in part, of pre-existing conditions and disabilities.

## XIV.

Defendant METROPOLITAN LLOYDS further alleges that Plaintiff's damages were caused by a new and independent cause.

## XV.

Defendant METROPOLITAN LLOYDS would further show that a declaratory judgment action does not vest a court with the power to pass upon hypothetical or contingent situations, or to determine questions not then essential to the decision of an actual controversy, although such questions may in the future require adjudication. An uninsured motorist ("UM") insurer is under no contractual duty to pay benefits until the insured obtains a judgment establishing liability and

damages against the uninsured driver.  The UM contract is unique because, according to its terms, benefits are conditioned upon the insured's legal entitlement to receive damages from a third party.  Until, it is first determined by judgment that Dennis L. Trevino: (1) is liable to Curtis W. Johnson; and (2) the amount of damages to be awarded, any determination regarding UM coverage is contingent, and not ripe for adjudication.  Hence, this Court does not have subject matter jurisdiction to render any declaration regarding METROPOLITAN LLOYDS' UM coverage, since that issue is not justiciable.

## XVI.

## NOTICE PURSUANT TO TRCP 193

By way of further answer, Defendant METROPOLITAN LLOYDS hereby gives actual notice to the Plaintiff, that any and all documents produced during discovery by Plaintiff may be used against the Plaintiff, if any, at any pre-trial proceeding and/or trial of this matter without the necessity of authenticating the document.  This notice is given pursuant to Rule 193.7 of the Texas Rules of Civil Procedure.

## XVII.

## JURY DEMAND

In accordance with Rule 216 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant METROPOLITAN LLOYDS demands a trial by jury.

## XVIII.

## VERIFICATION

BEFORE ME, the undersigned Notary Public, on this day personally appeared **MICHAEL J. SHIPMAN,** who being by me first duly sworn on his oath, deposed and said that he is duly qualified and authorized in all respects to make this verification; that he is the attorney

of record for Metropolitan Lloyds Insurance Company of Texas and that the information contained in Paragraph III is true and correct based on information and belief.

SIGNED this the 6th day of October, 2015.


MICHAEL J. SHIPMAN

SUBSCRIBED AND SWORN TO BEFORE ME by the said on this the 6th day of February, 2015, to certify which witness my hand and seal of office.


NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS


Brenda L. Papania
(Printed Name of Notary Public)

**My Commission Expires:** 10/07/2017

**Notary stamp:**
Brenda L. Papania
Commission Expires
10-07-2017


**WHEREFORE, PREMISES CONSIDERED,** Defendant, METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS, prays that the Plaintiff take nothing by his suit against this Defendant, that on final trial hereof this Defendant go hence with its reasonable attorneys' fees and costs incurred herein, for post judgment interest in the amount allowed by law, and for such other and further relief, both general and special, at law or in equity, to which this Defendant may show itself justly entitled.

Respectfully Submitted,

**FLETCHER, FARLEY, SHIPMAN,
& SALINAS, L.L.P.**


**MICHAEL J. SHIPMAN**
State Bar No. 18268500
mike.shipman@fletcherfarley.com
**KRISTI L. KAUTZ**
State Bar No. 24060069
kristi.kautz@fletcherfarley.com
9201 North Central Expressway
Suite 600
Dallas, Texas 75231
214-987-9600
214-987-9866 (Fax)

**ATTORNEYS FOR DEFENDANT
METROPOLITAN LLOYDS INSURANCE
COMPANY OF TEXAS**


## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been mailed, telecopied, electronically served or hand delivered to all attorneys of record, in compliance with Rule 21a. of the TEXAS RULES OF CIVIL PROCEDURE, on this the _____ day of October, 2015.


**MICHAEL J. SHIPMAN**

FILED
DALLAS COUNTY
10/6/2015 9:53:47 AM
FELICIA PITRE
DISTRICT CLERK

Case 3:15-cv-03288-N   Document 1-1   Filed 10/12/15   Page 66 of 73   PageID 80

MET. 22578

## CAUSE NO. DC-15-09583

| | | |
|---|---|---|
| CURTIS W. JOHNSON, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| METROPOLITAN LLOYDS | § | DALLAS COUNTY, TEXAS |
| INSURANCE COMPANY OF TEXAS; | § | |
| METROPOLITAN PROPERTY AND | § | |
| CASUALTY INSURANCE COMPANY; | § | |
| VERNON ANDERSON; AND | § | |
| REDDRICK SCOTT, | § | |
| Defendants. | § | 162nd JUDICIAL DISTRICT |

## DEFENDANT METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY (hereinafter "METROPOLITAN PROPERTY"), a Defendant in the above-entitled and numbered cause, and files this its Original Answer and for same would respectfully show unto the Court as follows:

### I.

At this time Defendant METROPOLITAN PROPERTY asserts a general denial, as authorized by Rule 92 of the Texas Rules of Civil Procedure, and respectfully requests that the Court and the jury require Plaintiff to prove his claims, charges, and allegations by a preponderance of the evidence, as required by the constitution and laws of the State of Texas.

EXHIBIT A-11

## AFFIRMATIVE DEFENSES

### II.

Defendant METROPOLITAN PROPERTY invokes § 18.091 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE and requests to the extent the Plaintiffs seek recovery for loss of earnings, loss of earning capacity, loss of contribution of a pecuniary value, or a loss of inheritance, that the evidence to prove such loss must be presented in the form of a net loss after reduction for income tax payments or unpaid tax liability. Defendant METROPOLITAN PROPERTY further requests that the Court instruct the jury as to whether any recovery for compensatory damages sought by the Plaintiff is subject to federal income taxes.

### III.

Answering further and in the affirmative, Defendant METROPOLITAN PROPERTY invokes § 41.0105 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE concerning Plaintiff's claim for the recovery of health care expenses and other related damages, past and future.

### IV.

Defendant METROPOLITAN PROPERTY further alleges that the Plaintiff's claims for pre-judgment interest are limited by the dates and amounts set forth in § 304.101 of the TEXAS FINANCE CODE.

### V.

Defendant METROPOLITAN PROPERTY says that Plaintiff's medical conditions, if any, preexisted the alleged incident in question and were solely due to uninvolved circumstances.

### VI.

Defendant METROPOLITAN PROPERTY pleads that it is not liable in the capacity in which it is sued and cannot be held liable for the damages claimed.   Defendant

METROPOLITAN PROPERTY specifically denies that Plaintiff Curtis Johnson was insured under an automobile insurance policy issued by Metropolitan Property and Casualty Insurance Company, Policy No. 512224467, as alleged in Plaintiff's First Amended Original Petition.

## VII.

Defendant METROPOLITAN PROPERTY specifically denies that all conditions precedent to the Plaintiff's claims for recovery have been satisfied, in that under Texas law and the clear and express language of the insurance policy, the Plaintiff is not yet legally entitled to the benefits of such policy, the Plaintiff has not presented a "claim" at this time, and the Plaintiff has not established liability, causation, and damages with regard to the underlying motor vehicle accident in question.

## VIII.

### NOTICE PURSUANT TO TRCP 193

By way of further answer, Defendant METROPOLITAN PROPERTY hereby gives actual notice to the Plaintiff, that any and all documents produced during discovery by Plaintiff may be used against the Plaintiff, if any, at any pre-trial proceeding and/or trial of this matter without the necessity of authenticating the document. This notice is given pursuant to Rule 193.7 of the TEXAS RULES OF CIVIL PROCEDURE.

## IX.

Defendant METROPOLITAN PROPERTY hereby, in accordance with Rule 216 of the TEXAS RULES OF CIVIL PROCEDURE, demands a trial by jury.

## X.

### VERIFICATION

BEFORE ME, the undersigned Notary Public, on this day personally appeared **MICHAEL J. SHIPMAN**, who being by me first duly sworn on his oath, deposed and said that he is duly qualified and authorized in all respects to make this verification; that he is the attorney of record for Metropolitan Property and Casualty Insurance Company and that the information contained in Paragraph VI and VII is true and correct based on information and belief.

**SIGNED** this the _____ day of October, 2015.

_____
MICHAEL J. SHIPMAN

**SUBSCRIBED AND SWORN TO BEFORE ME** by the said on this the _____ day of October, 2015, to certify which witness my hand and seal of office.



Brenda L. Papania
Commission Expires
10-07-2017

_____
NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS

Brenda L. Papania
_____
**(Printed Name of Notary Public)**

My Commission Expires: 10/07/2017

**WHEREFORE, PREMISES CONSIDERED,** Defendant, METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY, prays that the Plaintiff take nothing by his suit against this Defendant, that on final trial hereof this Defendant go hence with its reasonable attorneys' fees and costs incurred herein, for post judgment interest in the amount

allowed by law, and for such other and further relief, both general and special, at law or in equity, to which this Defendant may show itself justly entitled.

Respectfully Submitted,

**FLETCHER, FARLEY,
SHIPMAN, & SALINAS, L.L.P.**

**MICHAEL J. SHIPMAN**
State Bar No. 18268500
mike.shipman@fletcherfarley.com
**KRISTI L. KAUTZ**
State Bar No. 24060069
kristi.kautz@fletcherfarley.com
9201 North Central Expressway
Suite 600
Dallas, Texas 75231
214-987-9600
214-987-9866 (Fax)

**ATTORNEYS FOR DEFENDANT
METROPOLITAN PROPERTY AND
CASUALTY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been mailed, telecopied, electronically served or hand delivered to all attorneys of record, in compliance with Rule 21a. of the TEXAS RULES OF CIVIL PROCEDURE, on this the _____ day of October, 2015.

**MICHAEL J. SHIPMAN**

FILED
DALLAS COUNTY
10/6/2015 9:57:42 AM
FELICIA PITRE
DISTRICT CLERK

Case 3:15-cv-03288-N   Document 1-1   Filed 10/12/15   Page 71 of 73   PageID 85

MET. 22578

## CAUSE NO. DC-15-09583

| | | |
|---|---|---|
| CURTIS W. JOHNSON, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| METROPOLITAN LLOYDS | § | DALLAS COUNTY, TEXAS |
| INSURANCE COMPANY OF TEXAS; | § | |
| METROPOLITAN PROPERTY AND | § | |
| CASUALTY INSURANCE COMPANY; | § | |
| VERNON ANDERSON; AND | § | |
| REDDRICK SCOTT, | § | |
| Defendants. | § | 162nd JUDICIAL DISTRICT |

## DEFENDANTS VERNON ANDERSON
## AND REDDRICK SCOTT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME, VERNON ANDERSON (hereinafter "ANDERSON") and REDDRICK SCOTT (hereinafter "SCOTT"), Defendants in the above-entitled and numbered cause, and file this their Original Answer and for same would respectfully show unto the Court as follows:

### I.

At this time Defendants ANDERSON and SCOTT assert a general denial, as authorized by Rule 92 of the Texas Rules of Civil Procedure, and respectfully request that the Court and the jury require Plaintiff to prove his claims, charges, and allegations by a preponderance of the evidence, as required by the constitution and laws of the State of Texas.

### AFFIRMATIVE DEFENSES

### II.

Defendants ANDERSON and SCOTT specifically alleges that they did not breach any statutory duty.

EXHIBIT A-12

## III.

## <u>NOTICE PURSUANT TO TRCP 193</u>

By way of further answer, Defendants ANDERSON and SCOTT hereby give actual notice to the Plaintiff, that any and all documents produced during discovery by Plaintiff may be used against the Plaintiff, if any, at any pre-trial proceeding and/or trial of this matter without the necessity of authenticating the document.  This notice is given pursuant to Rule 193.7 of the TEXAS RULES OF CIVIL PROCEDURE.

## IV.

Defendants ANDERSON and SCOTT hereby, in accordance with Rule 216 of the TEXAS RULES OF CIVIL PROCEDURE, demand a trial by jury.

**WHEREFORE, PREMISES CONSIDERED,** Defendants VERNON ANDERSON and REDDRICK SCOTT, pray that the Plaintiff take nothing by his suit against these Defendants, that on final trial hereof these Defendants go hence with its reasonable attorneys' fees and costs incurred herein, for post judgment interest in the amount allowed by law, and for such other and further relief, both general and special, at law or in equity, to which these Defendants may show themselves justly entitled.

Respectfully Submitted,

**FLETCHER, FARLEY,
SHIPMAN, & SALINAS, L.L.P.**

*/s/Michael J. Shipman*
**MICHAEL J. SHIPMAN**
State Bar No. 18268500
mike.shipman@fletcherfarley.com
**KRISTI L. KAUTZ**
State Bar No. 24060069
kristi.kautz@fletcherfarley.com
9201 North Central Expressway
Suite 600
Dallas, Texas 75231
214-987-9600
214-987-9866 (Fax)

**ATTORNEYS FOR DEFENDANTS
VERNON ANDERSON AND
REDDRICK SCOTT**

<u>**CERTIFICATE OF SERVICE**</u>

This is to certify that a true and correct copy of the foregoing instrument has been mailed, telecopied, electronically served or hand delivered to all attorneys of record, in compliance with Rule 21a. of the TEXAS RULES OF CIVIL PROCEDURE, on this the 6th day of October, 2015.

*/s/Michael J. Shipman*
**MICHAEL J. SHIPMAN**